**Ralph E. PIERSON, Defendant below, Appellant,**

v.

**STATE of Delaware, Plaintiff below, Appellee.**

Supreme Court of Delaware.

Submitted Nov. 12, 1975.

Decided Jan. 29, 1976.

Louis B. Ferrara, of Aerenson & Balick, Wilmington, for defendant below, appellant.

John J. O'Brien, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before HERRMANN, C. J., DUFFY, J., and QUILLEN, Chancellor.

PER CURIAM:

Appellant Ralph E. Pierson was arrested and charged, along with three co-defendants, with possession with intent to deliver of a non-narcotic schedule I, controlled substance, and conspiracy. The arrest fol-

lowed the seizure of about fifty pounds of marijuana in a police raid upon the apartment of an informant during the course of the delivery of the marijuana.

At a pre-trial suppression hearing, the State presented only one witnesss, Sergeant Edward McGinty, the supervisor of the New Castle County Drug Unit. Sergeant McGinty testified that the raid had been undertaken in response to a telephone call received by him from a reliable informant at 8:15 P. M. ón the night of the arrest. The informant told him, McGinty testified, that a drug delivery would take place at the informant's apartment at 9:00 P. M. on the same night. Since this left only forty-five minutes to prepare for the raid, McGinty felt that there was insufficient time to obtain a search warrant.

The motion to suppress was denied. At trial, McGinty offered substantially the same testimony as he had given at the suppression hearing. Appellant Pierson was found guilty as charged and he brings this appeal.

The basis of the appeal is appellant's contention that he has been denied due process by the State's withholding of certain evidence favorable to him. At trial Corporal Testa, a police officer, testified on cross-examination by defense counsel that he had been in the informant's apartment since 7:30 P. M. on the night of the arrest. This information was known to the State but not disclosed. at the suppression hearing. Appellant argues that the withholding of this evidence, which goes to the very heart of the validity of the warrantless search, deprived him of due process of law.

We agree that the potentiality of a constitutional violation requires a new suppression hearing. Corporal Testa's presence at the scene of the arrest nearly two hours prior to the arrest and a full forty-five minutes prior to the time at which Sergeant McGinty claimed to have first received notification of the impending drug sale was a fact which may have materially assisted the accused's defense that the warrantless search was illegal. The failure of the State during the suppression hearing to disclose the presence of Corporal Testa in the apartment of the informant requires a new suppression hearing since the defendant was deprived of an opportunity to explore the pertinent factual circumstances related to the warrantless search. Protection of the identity of the confidential informant did not justify the presentation, through evidentiary omission, of a materially misleading factual case to the Court. Compare *Brady v. State of Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); *United States v. Keough,* 2d Cir., 391 F.2d 138 (1968); *United States v. Mele,* 2d Cir., 462 F.2d 918 (1972).

The case is remanded to the Superior Court with instructions to conduct a new suppression hearing within sixty days based on full disclosure by the State of all the relevant facts. Jurisdiction is reserved.