**Ralph E. PIERSON, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted July 16, 1976.

Decided July 28, 1976.

Louis B. Ferrara, of Aerenson & Balick, Wilmington, for defendant-appellant.

John J. O'Brien, Deputy Atty. Gen., Wilmington, for plaintiff-appellee.

Before HERRMANN, Chief Justice, DUFFY, Justice, and QUILLEN, Chancellor.

PER CURIAM:

In our opinion dated January 29, 1976, 351 A.2d 860 (1976), we reserved jurisdiction and ordered a remand to the Superior Court with instructions to conduct a new suppression hearing based on full disclosure by the State of all relevant facts pertaining to the search and seizure here involved. Reference is made to that opinion for a statement of the facts involved in this appeal.

After the hearing on remand, the Trial Judge determined that the State should not now be permitted to substitute a new theory based on consent-to-search given by the tenant of the premises for the exigent-circumstances theory on which it had relied at the pre-trial suppression hearing. The Court said:

"To allow otherwise in this case would permit the State to willfully mislead the trial court in the presentation of the facts. This cannot be tolerated, even as a means to protect a confidential informant. Therefore, even though the Court finds that the search in this case was permitted by the tenant of the apartment, the Court will not at this stage allow the State to substitute these grounds for upholding the search."

Defendant has filed a memorandum, arguing that the charge should be dismissed because the State misled both his counsel and the Court by the deliberate suppression of evidence. The State has not filed a memorandum nor made any comment on the Trial Judge's determination.

It appears to us that the State has abandoned its contention that exigent circumstances justified the search without a warrant and now relies only on the consent given by the tenant of the apartment. Whether or not the State may switch to a new rationale is, on the record in this case, a matter of discretion with the Trial Court. The learned Judge determined that it could not and we find no abuse of discretion in his thoughtful findings and conclusion.

It follows, therefore, that the judgment must be reversed and a new trial ordered.