## BRADY *v.* MARYLAND.

No. 490.   Argued March 18–19, 1963.—Decided May 13, 1963.

*E. Clinton Bamberger, Jr.* argued the cause for petitioner. With him on the brief was *John Martin Jones, Jr.*

*Thomas W. Jamison III,* Special Assistant Attorney General of Maryland, argued the cause for respondent. With him on the brief were *Thomas B. Finan,* Attorney General, and *Robert C. Murphy,* Deputy Attorney General.

Opinion of the Court by MR. JUSTICE DOUGLAS, announced by MR. JUSTICE BRENNAN.

Petitioner and a companion, Boblit, were found guilty of murder in the first degree and were sentenced to death, their convictions being affirmed by the Court of Appeals of Maryland. 220 Md. 454, 154 A. 2d 434. Their trials were separate, petitioner being tried first. At his trial Brady took the stand and admitted his participation in the crime, but he claimed that Boblit did the actual killing. And, in his summation to the jury, Brady's counsel conceded that Brady was guilty of murder in the first degree, asking only that the jury return that verdict "without capital punishment." Prior to the trial petitioner's counsel had requested the prosecution to allow him to examine Boblit's extrajudicial statements. Several of those statements were shown to him; but one dated July 9, 1958, in which Boblit admitted the actual homicide, was withheld by the prosecution and did not come to petitioner's notice until after he had been tried, convicted, and sentenced, and after his conviction had been affirmed.

Petitioner moved the trial court for a new trial based on the newly discovered evidence that had been suppressed by the prosecution. Petitioner's appeal from a denial of that motion was dismissed by the Court of Appeals without prejudice to relief under the Maryland

Post Conviction Procedure Act. 222 Md. 442, 160 A. 2d 912. The petition for post-conviction relief was dismissed by the trial court; and on appeal the Court of Appeals held that suppression of the evidence by the prosecution denied petitioner due process of law and remanded the case for a retrial of the question of punishment, not the question of guilt. 226 Md. 422, 174 A. 2d 167. The case is here on certiorari, 371 U. S. 812.[1]

The crime in question was murder committed in the perpetration of a robbery. Punishment for that crime in Maryland is life imprisonment or death, the jury being empowered to restrict the punishment to life by addition of the words "without capital punishment." 3 Md. Ann. Code, 1957, Art. 27, § 413. In Maryland, by reason of the state constitution, the jury in a criminal case are "the Judges of Law, as well as of fact." Art. XV, § 5. The question presented is whether petitioner was denied a federal right when the Court of Appeals restricted the new trial to the question of punishment.

---

[1] Neither party suggests that the decision below is not a "final judgment" within the meaning of 28 U. S. C. § 1257 (3), and no attack on the reviewability of the lower court's judgment could be successfully maintained. For the general rule that "Final judgment in a criminal case means sentence. The sentence is the judgment" (*Berman* v. *United States,* 302 U. S. 211, 212) cannot be applied here. If in fact the Fourteenth Amendment entitles petitioner to a new trial on the issue of guilt as well as punishment the ruling below has seriously prejudiced him. It is the right to a trial on the issue of guilt "that presents a serious and unsettled question" (*Cohen* v. *Beneficial Loan Corp.,* 337 U. S. 541, 547) that "is fundamental to the further conduct of the case" (*United States* v. *General Motors Corp.,* 323 U. S. 373, 377). This question is "independent of, and unaffected by" (*Radio Station WOW* v. *Johnson,* 326 U. S. 120, 126) what may transpire in a trial at which petitioner can receive only a life imprisonment or death sentence. It cannot be mooted by such a proceeding. See *Largent* v. *Texas,* 318 U. S. 418, 421–422. Cf. *Local No. 438* v. *Curry,* 371 U. S. 542, 549.

We agree with the Court of Appeals that suppression of this confession was a violation of the Due Process Clause of the Fourteenth Amendment. The Court of Appeals relied in the main on two decisions from the Third Circuit Court of Appeals—*United States ex rel. Almeida* v. *Baldi*, 195 F. 2d 815, and *United States ex rel. Thompson* v. *Dye*, 221 F. 2d 763—which, we agree, state the correct constitutional rule.

This ruling is an extension of *Mooney* v. *Holohan*, 294 U. S. 103, 112, where the Court ruled on what nondisclosure by a prosecutor violates due process:

> "It is a requirement that cannot be deemed to be satisfied by mere notice and hearing if a State has contrived a conviction through the pretense of a trial which in truth is but used as a means of depriving a defendant of liberty through a deliberate deception of court and jury by the presentation of testimony known to be perjured. Such a contrivance by a State to procure the conviction and imprisonment of a defendant is as inconsistent with the rudimentary demands of justice as is the obtaining of a like result by intimidation."

In *Pyle* v. *Kansas*, 317 U. S. 213, 215–216, we phrased the rule in broader terms:

> "Petitioner's papers are inexpertly drawn, but they do set forth allegations that his imprisonment resulted from perjured testimony, knowingly used by the State authorities to obtain his conviction, and from the deliberate suppression by those same authorities of evidence favorable to him. These allegations sufficiently charge a deprivation of rights guaranteed by the Federal Constitution, and, if proven, would entitle petitioner to release from his present custody. *Mooney* v. *Holohan*, 294 U. S. 103."

The Third Circuit in the *Baldi* case construed that statement in *Pyle* v. *Kansas* to mean that the "suppression of evidence favorable" to the accused was itself sufficient to amount to a denial of due process. 195 F. 2d, at 820. In *Napue* v. *Illinois*, 360 U. S. 264, 269, we extended the test formulated in *Mooney* v. *Holohan* when we said: "The same result obtains when the State, although not soliciting false evidence, allows it to go uncorrected when it appears." And see *Alcorta* v. *Texas*, 355 U. S. 28; *Wilde* v. *Wyoming*, 362 U. S. 607. Cf. *Durley* v. *Mayo*, 351 U. S. 277, 285 (dissenting opinion).

We now hold that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.

The principle of *Mooney* v. *Holohan* is not punishment of society for misdeeds of a prosecutor but avoidance of an unfair trial to the accused. Society wins not only when the guilty are convicted but when criminal trials are fair; our system of the administration of justice suffers when any accused is treated unfairly. An inscription on the walls of the Department of Justice states the proposition candidly for the federal domain: "The United States wins its point whenever justice is done its citizens in the courts." [2] A prosecution that withholds evidence on demand of an accused which, if made avail-

---

[2] Judge Simon E. Sobeloff when Solicitor General put the idea as follows in an address before the Judicial Conference of the Fourth Circuit on June 29, 1954:

"The Solicitor General is not a neutral, he is an advocate; but an advocate for a client whose business is not merely to prevail in the instant case. My client's chief business is not to achieve victory but to establish justice. We are constantly reminded of the now classic words penned by one of my illustrious predecessors, Frederick William Lehmann, that the Government wins its point when justice is done in its courts."

able, would tend to exculpate him or reduce the penalty helps shape a trial that bears heavily on the defendant. That casts the prosecutor in the role of an architect of a proceeding that does not comport with standards of justice, even though, as in the present case, his action is not "the result of guile," to use the words of the Court of Appeals. 226 Md., at 427, 174 A. 2d, at 169.

The question remains whether petitioner was denied a constitutional right when the Court of Appeals restricted his new trial to the question of punishment. In justification of that ruling the Court of Appeals stated:

"There is considerable doubt as to how much good Boblit's undisclosed confession would have done Brady if it had been before the jury. It clearly implicated Brady as being the one who wanted to strangle the victim, Brooks. Boblit, according to this statement, also favored killing him, but he wanted to do it by shooting. We cannot put ourselves in the place of the jury and assume what their views would have been as to whether it did or did not matter whether it was Brady's hands or Boblit's hands that twisted the shirt about the victim's neck. . . . [I]t would be 'too dogmatic' for us to say that the jury would not have attached any significance to this evidence *in considering the punishment of the defendant Brady.*

"Not without some doubt, we conclude that the withholding of this particular confession of Boblit's was prejudicial to the defendant Brady. . . .

"The appellant's sole claim of prejudice goes to the punishment imposed. *If Boblit's withheld confession had been before the jury, nothing in it could have reduced the appellant Brady's offense below murder in the first degree.* We, therefore, see no occasion to retry that issue." 226 Md., at 429–430, 174 A. 2d, at 171. (Italics added.)

If this were a jurisdiction where the jury was not the judge of the law, a different question would be presented. But since it is, how can the Maryland Court of Appeals state that nothing in the suppressed confession could have reduced petitioner's offense "below murder in the first degree"? If, as a matter of Maryland law, juries in criminal cases could determine the admissibility of such evidence on the issue of innocence or guilt, the question would seem to be foreclosed.

But Maryland's constitutional provision making the jury in criminal cases "the Judges of Law" does not mean precisely what it seems to say.[3] The present status of that provision was reviewed recently in *Giles* v. *State,* 229 Md. 370, 183 A. 2d 359, appeal dismissed, 372 U. S. 767, where the several exceptions, added by statute or carved out by judicial construction, are reviewed. One of those exceptions, material here, is that "Trial courts have always passed and still pass upon the admissibility of evidence the jury may consider on the issue of the innocence or guilt of the accused." 229 Md., at 383, 183 A. 2d, at 365. The cases cited make up a long line going back nearly a century. *Wheeler* v. *State,* 42 Md. 563, 570, stated that instructions to the jury were advisory only, "except in regard to questions as to what shall be considered as evidence." And the court "having such right, it follows of course, that it also has the right to prevent counsel from arguing against such an instruction." *Bell* v. *State,* 57 Md. 108, 120. And see *Beard* v. *State,* 71 Md. 275, 280, 17 A. 1044, 1045; *Dick* v. *State,* 107 Md. 11, 21, 68 A. 286, 290. Cf. *Vogel* v. *State,* 163 Md. 267, 162 A. 705.

---

[3] See Dennis, Maryland's Antique Constitutional Thorn, 92 U. of Pa. L. Rev. 34, 39, 43; Prescott, Juries as Judges of the Law: Should the Practice be Continued, 60 Md. St. Bar Assn. Rept. 246, 253–254.

We usually walk on treacherous ground when we explore state law,[4] for state courts, state agencies, and state legislatures are its final expositors under our federal regime. But, as we read the Maryland decisions, it is the court, not the jury, that passes on the "admissibility of evidence" pertinent to "the issue of the innocence or guilt of the accused." *Giles* v. *State, supra.* In the present case a unanimous Court of Appeals has said that nothing in the suppressed confession "could have reduced the appellant Brady's offense below murder in the first degree." We read that statement as a ruling on the admissibility of the confession on the issue of innocence or guilt. A sporting theory of justice might assume that if the suppressed confession had been used at the first trial, the judge's ruling that it was not admissible on the issue of innocence or guilt might have been flouted by the jury just as might have been done if the court had first admitted a confession and then stricken it from the record.[5] But we cannot raise that trial strategy to the dignity of a constitutional right and say that the deprival of this defendant of that sporting chance through the use of a

---

[4] For one unhappy incident of recent vintage see *Oklahoma Packing Co.* v. *Oklahoma Gas & Electric Co.,* 309 U. S. 4, that replaced an earlier opinion in the same case, 309 U. S. 703.

[5] "In the matter of confessions a hybrid situation exists. It is the duty of the Court to determine from the proof, usually taken out of the presence of the jury, if they were freely and voluntarily made, etc., and admissible. If admitted, the jury is entitled to hear and consider proof of the circumstances surrounding their obtention, the better to determine their weight and sufficiency. The fact that the Court admits them clothes them with no presumption for the jury's purposes that they are either true or were freely and voluntarily made. However, after a confession has been admitted and read to the jury the judge may change his mind and strike it out of the record. Does he strike it out of the jury's mind?" Dennis, Maryland's Antique Constitutional Thorn, 92 U. of Pa. L. Rev. 34, 39. See also *Bell* v. *State, supra,* at 120; *Vogel* v. *State,* 163 Md., at 272, 162 A., at 706–707.

bifurcated trial (cf. *Williams* v. *New York*, 337 U. S. 241) denies him due process or violates the Equal Protection Clause of the Fourteenth Amendment.

*Affirmed.*

Separate opinion of Mr. Justice White.

1. The Maryland Court of Appeals declared, "The suppression or withholding by the State of material evidence exculpatory to an accused is a violation of due process" without citing the United States Constitution or the Maryland Constitution which also has a due process clause.* We therefore cannot be sure which Constitution was invoked by the court below and thus whether the State, the only party aggrieved by this portion of the judgment, could even bring the issue here if it desired to do so. See *New York City* v. *Central Savings Bank*, 306 U. S. 661; *Minnesota* v. *National Tea Co.*, 309 U. S. 551. But in any event, there is no cross-petition by the State, nor has it challenged the correctness of the ruling below that a new trial on punishment was called for by the requirements of due process. In my view, therefore, the Court should not reach the due process question which it decides. It certainly is not the case, as it may be suggested, that without it we would have only a state law question, for assuming the court below was correct in finding a violation of petitioner's rights in the suppression of evidence, the federal question he wants decided here still remains, namely, whether denying him a new trial on guilt as well as punishment deprives him of equal protection. There is thus a federal question to deal with in this Court, cf. *Bell* v. *Hood*, 327 U. S. 678,

---

*Md. Const., Art. 23; *Home Utilities Co., Inc.,* v. *Revere Copper & Brass, Inc.,* 209 Md. 610, 122 A. 2d 109; *Raymond* v. *State,* 192 Md. 602, 65 A. 2d 285; *County Comm'rs of Anne Arundel County* v. *English,* 182 Md. 514, 35 A. 2d 135; *Oursler* v. *Tawes,* 178 Md. 471, 13 A. 2d 763.

wholly aside from the due process question involving the suppression of evidence. The majority opinion makes this unmistakably clear. Before dealing with the due process issue it says, "The question presented is whether petitioner was denied a federal right when the Court of Appeals restricted the new trial to the question of punishment." After discussing at some length and disposing of the suppression matter in federal constitutional terms it says the question still to be decided is the same as it was before: "The question remains whether petitioner was denied a constitutional right when the Court of Appeals restricted his new trial to the question of punishment."

The result, of course, is that the due process discussion by the Court is wholly advisory.

2. In any event the Court's due process advice goes substantially beyond the holding below. I would employ more confining language and would not cast in constitutional form a broad rule of criminal discovery. Instead, I would leave this task, at least for now, to the rule-making or legislative process after full consideration by legislators, bench, and bar.

3. I concur in the Court's disposition of petitioner's equal protection argument.

MR. JUSTICE HARLAN, whom MR. JUSTICE BLACK joins, dissenting.

I think this case presents only a single federal question: did the order of the Maryland Court of Appeals granting a new trial, limited to the issue of punishment, violate petitioner's Fourteenth Amendment right to equal protection?[1] In my opinion an affirmative answer would

---

[1] I agree with my Brother WHITE that there is no necessity for deciding in this case the broad due process questions with which the Court deals at pp. 86–88 of its opinion.

be required *if* the Boblit statement would have been admissible on the issue of guilt at petitioner's original trial. This indeed seems to be the clear implication of this Court's opinion.

The Court, however, holds that the Fourteenth Amendment was not infringed because it considers the Court of Appeals' opinion, and the other Maryland cases dealing with Maryland's constitutional provision making juries in criminal cases "the Judges of Law, as well as of fact," as establishing that the Boblit statement would not have been admissible at the original trial on the issue of petitioner's guilt.

But I cannot read the Court of Appeals' opinion with any such assurance. That opinion can as easily, and perhaps more easily, be read as indicating that the new trial limitation followed from the Court of Appeals' concept of its power, under § 645G of the Maryland Post Conviction Procedure Act, Md. Code, Art. 27 (1960 Cum. Supp.) and Rule 870 of the Maryland Rules of Procedure, to fashion appropriate relief meeting the peculiar circumstances of this case,[2] rather than from the view that the Boblit statement would have been relevant at the original trial only on the issue of punishment. 226 Md., at 430, 174 A. 2d, at 171. This interpretation is indeed fortified by the Court of Appeals' earlier general discussion as to the admissibility of third-party confessions, which falls short of saying anything that is disposi-

---

[2] Section 645G provides in part: "If the court finds in favor of the petitioner, it shall enter an appropriate order with respect to the judgment or sentence in the former proceedings, and any supplementary orders as to rearraignment, retrial, custody, bail, discharge, correction of sentence, or other matters that may be necessary and proper." Rule 870 provides that the Court of Appeals "will either affirm or reverse the judgment from which the appeal was taken, or direct the manner in which it shall be modified, changed or amended."

**94**

tive of the crucial issue here.    226 Md., at 427–429, 174 A. 2d, at 170.[3]

Nor do I find anything in any of the other Maryland cases cited by the Court (ante, p. 89) which bears on the admissibility vel non of the Boblit statement on the issue of guilt. None of these cases suggests anything more relevant here than that a jury may not "overrule" the trial court on questions relating to the admissibility of evidence. Indeed they are by no means clear as to what happens if the jury in fact undertakes to do so. In this very case, for example, the trial court charged that "in the final analysis the jury are the judges of both the *law* and the facts, and the verdict in this case is *entirely* the jury's responsibility." (Emphasis added.)

Moreover, uncertainty on this score is compounded by the State's acknowledgment at the oral argument here that the withheld Boblit statement *would* have been admissible at the trial on the issue of guilt.[4]

In this state of uncertainty as to the proper answer to the critical underlying issue of state law, and in view of the fact that the Court of Appeals did not in terms

---

[3] It is noteworthy that the Court of Appeals did not indicate that it was limiting in any way the authority of *Day.* v. *State,* 196 Md. 384, 76 A. 2d 729. In that case two defendants were jointly tried and convicted of felony murder. Each admitted participating in the felony but accused the other of the homicide. On appeal the defendants attacked the trial court's denial of a severance, and the State argued that neither defendant was harmed by the statements put in evidence at the joint trial because admission of the felony amounted to admission of guilt of felony murder. Nevertheless the Court of Appeals found an abuse of discretion and ordered separate new trials on all issues.

[4] In response to a question from the Bench as to whether Boblit's statement, had it been offered at petitioner's original trial, would have been admissible for all purposes, counsel for the State, after some colloquy, stated: "It would have been, yes."

address itself to the equal protection question, I do not see how we can properly resolve this case at this juncture. I think the appropriate course is to vacate the judgment of the State Court of Appeals and remand the case to that court for further consideration in light of the governing constitutional principle stated at the outset of this opinion. Cf. *Minnesota* v. *National Tea Co.,* 309 U. S. 551.