UNITED STATES of America,
Plaintiff,

v.

Alexander J. BARKET, Defendant.

Nos. 74 CR 141-W-1, 74 CR 168-W-1.

United States District Court,
W. D. Missouri, W. D.

Oct. 25, 1974.

See also, D.C., 380 F.Supp. 1018.

Bert C. Hurn, U. S. Atty., Robert B. Schneider, Asst. U. S. Atty., Kansas City, Mo., for plaintiff.

Veryl L. Riddle, Robert F. Scoular, John J. Hennelly, Jr., John R. Truman,

Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., Bernard D. Craig, Kansas City, Mo., for defendant.

MEMORANDUM AND ORDERS DENYING GOVERNMENT'S MOTION FOR AN EXTENSION OF TIME AND DIRECTING FURTHER PROCEEDINGS IN REGARD TO DEFENDANT'S CONSOLIDATED MOTION FOR DISCOVERY

JOHN W. OLIVER, District Judge.

On October 10, 1974, the defendant filed a consolidated motion for discovery, requesting production of documents listed in the eight separately numbered paragraphs of that motion. Defendant's motion alleges that all of the documents are within the possession of the government, that they are essential to the defendant's preparation of his defenses, and that they are relevant and material to defendant's claims as alleged in the other pending motions filed by the defendant.

Defendant's suggestions in support of that motion describe and discuss documents which relate to (a) "the Eldridge and Various Prosecutorial Misconduct Materials;" (supported by 19 newspaper articles published by the Kansas City Star, the Kansas City Times, the St. Louis Post-Dispatch and the St. Louis Globe-Democrat, which are attached as exhibits to the motion) ; (b) "The United States Attorney's Requests for Permission to Seek the Indictments of Defendant;" (c) "The United States Attorney's Investigation By the Proper Government Agency;" (d) "Materials Concerning the Reporting of the Regular Democrats Loan and the Department of Justice's Decision Not to Prosecute;" (e) "The United States Attorney's Prosecution Memoranda;" and (f) "Promises of Leniency To The Government's Witnesses."

Defendant's discovery motion is alternatively grounded on constitutional principles stated in Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and on Rule 16(b) of the Federal Rules of Criminal Procedure.

Rather than filing suggestions in regard to defendant's motion, the government, on October 18, 1974, filed a motion which concluded with a request that the Court enlarge the time in which the government would be allowed until November 15, 1974 to respond to defendant's discovery motion.

On October 24, 1974, defendant filed a memorandum in opposition to the government's requested thirty day extension. Defendant's memorandum properly directs attention to the fact that the government's requested extension does not state whether or not the government will ever produce any of the requested materials. Under the circumstances, we deem it necessary, once again, to state the established procedures of this Court in all cases where similar discovery questions are presented and to enter orders which are designed to avoid further unnecessary delay in prosecution of this case.

It is unnecessary to restate in detail this Court's consistent practice in regard to Brady v. Maryland and Rule 16(b) discovery motions for the reason those views were recently reiterated and applied in United States v. Williams, No. 74 CR 47–W–1, decided October 21, 1974, in which the government was ordered to make production. Examination of our recent opinion in *Williams* will show that the discovery motion involved in that case was granted only to the extent that the government was ordered and directed to produce the requested material with the Court for *in camera* inspection so that further appropriate orders could be entered after review of the data.

In *Williams*, we made reference to the contrasting positions taken by the Antitrust Division of the Department of Justice and the Secretary of Agriculture in the Midwest Milk Monopoli-

zation Litigation, JPML Docket No. 83, which pends in this Court. We recognize, of course, that the production questions presented in the Milk Monopolization litigation were controlled by the Civil Rules, rather than the Criminal Rules, but questions relating to the refusal of the Executive Branch of the government to produce data relevant to substantial questions presented in any pending litigation are controlled by essentially the same principles, particularly when such questions involve questions of constitutional law.

The procedures under which *in camera* inspection was ordered in regard to the Department of Agriculture documents, and the reasons supporting them, are stated in the memoranda and orders entered in that litigation on May 23, 1973 and July 31, 1973, copies of which were attached to our memoranda and order of February 21, 1974, in which we directed further proceedings in regard to intra-departmental memoranda of the Antitrust Division of the Department of Justice in regard to its filing of United States v. A.M.P.I. As we recently stated in United States v. Williams, *supra,* in which similar procedures were directed, we believe that the procedures directed for *in camera* inspection, which have long been followed in this Court, were implicitly approved in United States v. Nixon, 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974), and also by United States v. Berrios (2nd Cir. 1974) 501 F.2d 1207.

■ So far as the government's need for additional time is concerned, it is obvious from an examination of the defendant's pending discovery motion that many of the documents involved are presently located in Kansas City, Missouri, and that the government needs no time at all to assemble those documents. Particular documents requested may not be located in this judicial district but they are identified in a manner which permits the government promptly to make up its mind whether or not it will produce for *in camera* inspection any or all of the documents requested.

The files and records of this case, including, but not limited to, data made available by the government's bill of particulars, filed September 27, 1974, as supplemented by the government's suggestions filed October 18, 1974, and factual statements made by the parties in their various motions and suggestions in support and in opposition thereof, afford sufficient factual basis for the Court to find and conclude at this time that the materials sought by defendant's pending motion for discovery could, under the circumstances of this case, be reasonably expected to reveal evidence favorable to the defendant, the continued suppression of which may be a violation of constitutional principles articulated in Brady v. Maryland.

■ Whether or not any of the documents and materials are covered by *Brady* and whether they should ever be turned over to the defendant may not properly be determined without an *in camera* inspection of the documents sought. The consequence of the government's refusal to voluntarily produce grand jury testimony and other data, and the trial court's failure to order an *in camera* inspection of the material requested was one of the grounds upon which the Court of Appeals reversed the conviction initially obtained in United States v. Achtenberg (8th Cir. 1972) 459 F.2d 91. We would assume that the government would want to avoid the possibility of a similar consequence in this pending case.

■■ We are also in a position, on the basis of the factual data to which we have made reference, to further find and conclude, as we now do and as a separate and independent ground, that the documents and materials sought alternatively under Rule 16(b) may be relevant and material to the questions presented in other motions pending before this Court and that, within the meaning of Rule

16(b), defendant's requests under the particular circumstances of this case, are reasonable. In this case, as in United States v. Williams, we think that the question of whether the documents and materials may properly be classified as reports, memoranda, or other internal government documents made by government agencies in connection with the investigation or prosecution of this particular case, within the exception stated in Rule 16(b), may not properly be determined without an *in camera* inspection of the data, viewed in light of the constitutional imperatives of Brady v. Maryland.

Accordingly, and for the reasons stated, it is

Ordered (1) that the government's motion for enlargement of time should be and the same is hereby denied. It is further

Ordered (2) that within ten (10) days of this order, the government shall prepare, serve, and file an appropriate statement as to (a) whether or not; and (b) when the documents identified in each of the eight numbered paragraphs of defendant's consolidated motion for discovery filed October 10, 1974, will voluntarily be produced for the *in camera* inspection of this Court in order that it may direct further appropriate proceedings under the circumstances. The government's response of (a) whether and (b) when shall be stated in separately numbered paragraphs, keyed to the particular paragraphs of defendant's consolidated motion.

The government is expressly advised that should the Court, after appropriate *in camera* inspection, find and conclude that any of the documents should be delivered to the defendant, no delivery would be made, nor would any statement be made in any order directing such delivery, which would reveal the contents of the documents to the defendant, defendant's counsel, or to anyone else, until the government was afforded a reasonable period of time within which to seek appropriate appellate review of any such order. It is further

Ordered (3) that if the government states that it will not voluntarily deliver the documents and materials requested to the Court for its *in camera* inspection for the purpose and under the conditions stated, then its statement shall, under those circumstances, definitively state whether the government would comply with an order directing such production which might, under appropriate circumstances, be entered by this Court. It is further

Ordered (4) that if the government needs a reasonable period of time to consult with the Attorney General or other officials in the Department of Justice in Washington, D. C., concerning the position the government will state in response to the orders above entered, it shall make appropriate application for a reasonable extension within the ten (10) day period above provided.