BROOM, Justice,
for the Court:
Upon an indictment charging him with capital murder, Christopher Alvin Moore was previously tried, convicted, and sentenced to death, but that conviction was overturned when appealed here. Moore v. State, 344 So.2d 731 (Miss.1977). Reversal was solely based upon our prior decision rendered in Jackson v. State, 337 So.2d 1242 (Miss.1976). The indictment was returned by the grand jury in Jackson County and the first trial on Moore’s motion for change of venue was moved to Hancock County. Retrial was in the Circuit Court of the First Judicial District of Harrison County where the second jury found him guilty but could not agree upon the punishment. Then the circuit judge sentenced him to life imprisonment, and from that second conviction Moore appeals. We affirm.
Mrs. Irene Hoffman (a Caucasian) was found murdered in her home on April 29, 1975 in Pascagoula, Mississippi. She was a school teacher at a nearby elementary school, and on the date of her death had gone home during a short recess. When she failed to return to her teaching duties at the expected time, two teachers went to her house and after forcing their way inside found her on the floor gagged with her hands tied behind her and blood on her blouse. Physical evidence inside the house indicated that a struggle had taken place and blood was spattered about.
Mrs. Hoffman had been stabbed eleven times; the cause of her death revealed by pathological examination was hemorrhage due to the stab wounds. Negroid hairs were removed from Mrs. Hoffman’s pubic area and spermatozoa was found in her vagina.
It appeared that the only manner in which her attacker could have gained admittance into the house was through a window. The window screen was opened and from it were taken several latent fingerprints, one of which was found to match the print of Moore, a member of the Negro race.
The first legal proposition raised by Moore is his contention that the lower court *823 erred in failing to sustain his motion to dismiss the indictment on the ground that the police had discarded or destroyed or failed to preserve evidence that could have been exculpatory. Basis of the motion was the contention that a member of the police department had intentionally destroyed certain latent fingerprints, and destroyed the surface of the window screen so that fingerprints could not later be lifted from it, if such lifts were possible.
The officer who lifted the latent prints destroyed them because, in his opinion, there was no “ridge detail” on the prints which he destroyed, and therefore he decided against sending them to the FBI (the officer stated they were so smudged that they would be of no use). Moore relies upon Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), which states that the suppression of evidence favorable to an accused may under certain circumstances be violative of due process. One of the elements necessary to be found to justify reversal on- this theory would be that the evidence not produced must be favorable to the accused, which was not shown in the present case. Here there was no evidence or indication that the items destroyed or discarded would have been helpful or exculpatory of the appellant, and therefore the case of Brady v. Maryland, supra, is unavailing to him.
Moore’s second argument is that the lower court should have quashed the jury panel after it was learned in voir dire that a prospective juror had told another prospective juror that Moore had previously pleaded guilty to the crime charged. The statement that he had previously pleaded guilty was untrue and both jurors were dismissed upon peremptory challenges of the state. This argument is not persuasive here because upon this record it is clear that Moore did not further voir dire the jurors on this issue, and there is no suggestion or hint in the record that any other prospective juror heard the statement that Moore had previously pleaded guilty.
Next argument made is the contention that the lower court erred in refusing to suppress certain physical evidence (his fingerprints and hair samples) on the basis that they were taken in violation of his constitutional rights. In the earlier case appealed here, supra, we thoroughly considered this argument and found no merit to it and held -that the physical evidence was admissible. It is not necessary for us to discuss this proposition further other than to point out that from the totality of the circumstances, it is clearly shown that Moore was not under arrest when fingerprinted. He voluntarily went to the police department and had his fingerprints taken of his own volition. While there he was not denied complete freedom to depart at any time after being told he was not under arrest. For the reasons stated in our prior opinion, we find no merit in this part of his argument.
Lastly, Moore argues that the evidence was insufficient to establish his guilt. Again, our opinion in the former appeal amply deals with the sufficiency of the evidence. Evidence in the present record is almost identical to that presented at the first trial, and again the jury rejected Moore’s alibi defense. One differing aspect of the evidence is this: at the first trial Moore did not take the stand during the trial; at his second trial he did take the stand and denied ever being at Mrs. Hoffman’s house. This is in direct conflict with the fact that Moore’s fingerprint was found at the Hoffman house. The jury which is the sole judge of the weight and credibility of the witnesses testifying, including Moore and his supportive alibi witnesses, rejected the evidence presented by the defense. Moore’s guilt or innocence has been unanimously decided adversely to him by two juries (twenty-four persons). Without going into the details of the evidence here, we again point out that Moore’s fingerprint was found upon the screen, negroid hairs were found on Mrs. Hoffman’s pubic area, and there was evidence of considerable violence having been inflicted upon her, and sperm was found in her vagina. For the reasons stated in our former opinion, we *824 cannot say that the evidence was insufficient or that Moore was entitled to a directed verdict or peremptory instruction.
Careful study of the case in its totality including the record, briefs, and excellent oral argument reveals no reversible error. Accordingly, the conviction and judgment must stand.
AFFIRMED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, LEE, BOWLING and COFER, JJ., concur.