CALOGERO, Justice,
concurring.
Because I believe that none of the assignments of error have merit, I concur in affirming defendant’s conviction and sentence. However, I am not satisfied that the majority’s treatment of Assignment of Error Number Three is wholly correct.
I do not agree with the statement, or implication, that due process requirements espoused in Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) are not offended when, in response to a discovery motion by the defense, the state may simply disclaim any knowledge of rap sheets of key witnesses. Under such circumstances in my *1150 view, Brady would require that the state make an affirmative effort to obtain the requested materials on essential witnesses, if they are otherwise inaccessible to the defense.
Because of the broad and general nature of the discovery requests in this case (the defense sought rap sheets on thirteen state witnesses) and because the defense did not attempt to impeach the state’s witness whose rap sheet is the focus of our present attention (Frank Wells) by asking him about prior convictions, I am not prepared to hold that the trial court’s refusal to require the state to provide the defense, with Frank Wells’ rap sheet constitutes reversible error.