**Glenn Michael TUPICA, Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Secretary Department of Corrections, State of Florida, and R.L. Dugger, Superintendent, State Prison, Respondents-Appellees.**

**No. 84–5850**
**Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

July 16, 1985.

Philip J. Padovano, Tallahassee, Fla., for petitioner-appellant.

Lee Rosenthal, West Palm Beach, Fla., for respondents-appellees.

Before RONEY, FAY and JOHNSON, Circuit Judges.

PER CURIAM:

Convicted for trafficking in cocaine in violation of Fla.Stat.Ann. § 893.135(1)(b)(3), Glenn Michael Tupica seeks federal habeas

corpus relief on the ground that the state officers destroyed a tape recording of the conversation between Tupica, a state detective, and an informant at the time of the cocaine purchase. Tupica contends the tape recording would have shown that he told the state agents that he wanted no part of the transaction.

The denial of habeas corpus relief turns on the credibility of two state detectives who testified that the tape recording was 99% static, garbled, indiscernible, and worthless. The district court, 595 F.Supp. 781, believed this testimony. We are not at liberty to reverse that credibility decision. Thus nothing was destroyed that would help Tupica.

Although the law requires the production of, and presumably the preservation of, material evidence favorable to a defendant, *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), there is no rule that evidence that would be of no use to anyone need be produced. Only if there were some kind of prophylactic *per se* rule of unconstitutionality in the destruction of even an inaudible tape could Tupica obtain relief in this case. There is no such rule.

We note that the department involved here has taken steps to head off future claims of this nature. A detective testified that departmental policy has been changed so that officers no longer dispose of tapes.

AFFIRMED.