124 F.3d 206
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mario Lloyd and Charles LLOYD, Defendants-Appellants.
 No. 96-3261.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 22, 1996.*
Decided Aug. 13, 1997.
Rehearing Denied Sept. 24, 1997.
 
 1
 Before Hon. Walter J. CUMMINGS, Circuit Judge Hon. Jesse E. ESCHBACH, Circuit Judge Hon. Joel M. FLAUM, Circuit Judge
 
 ORDER
 
 2
 In February of 1990, a federal jury found Mario and Charles Lloyd guilty of various drug, money laundering, and federal fraud charges. On their first trip to our court, the Lloyds raised numerous challenges to their convictions and sentences, which we affirmed. United States v. Lloyd, 25 F.3d 540 (7th Cir.1994). Appellants then timely brought a Rule 33 motion for new trial based on newly discovered evidence. In an order dated August 28, 1996, the district court summarily denied the Rule 33 motion without hearing and without opinion. On September 6, 1996, the Lloyds filed their notice of appeal of the denial, bringing the case before us for the second time. By order dated January 21, 1997, we remanded the case for the district court to supply us its reasoning for the Rule 33 denial to facilitate our abuse of discretion review. The district court complied in its order dated July 30, 1997. We now affirm the district court's denial.
 
 
 3
 Appellants argued for a new trial based on their allegation that afar their first appeal, they became aware that a government witness, Ms. Eva Ward, received $140,000 from the Drug Enforcement Agency for her cooperation in the investigation and prosecution of the Lloyd crime organization. Ms. Ward, an old girlfriend of Mario Lloyd's, testified to the Lloyds' money laundering activity and did in fact receive the money, a portion of the Lloyds' seized assets from forfeitures, after the trial ended. Appellants argue that Ms. Ward and the prosecution knew of this payment before trial, but failed to disclose the promised payment to defense counsel in violation of Brady v. Maryland, 373 U.S. 83, 87 (1963).
 
 
 4
 To succeed in obtaining a new trial based on new evidence, a defendant must generally show that the new evidence (1) came to his knowledge only after trial; (2) could not with due diligence have been discovered sooner; (3) is material; and (4) would likely lead to acquittal. Jarrett v. United States, 822 F.2d 1438, 1445 (7th Cir.1987). At the Rule 33 hearing, the district court found that nothing in the DEA file on Ward "indicate[d] that Ward knew of the money before trial." The court also heard the testimony of DEA agent Andre Kellum and of Ms. Ward, both of whom stated that they did not know, at the time of trial, that Ward would receive the $140,000 payment. Finding this testimony credible, the court denied appellants' Rule 33 motion, stating that it "reject[ed] the defendants' contention that, before trial, the government promised Ward the payment, informed Ward of the possibility of such a payment, or that Ward herself knew of the money." We defer to the district court's assessment of Kellum and Ward's credibility, United States v. Griffin, 84 F.3d 912, 929 (7th Cir.1996), and agree with the district court that without prior government knowledge of the payment, no Brady violation occurred. Because appellants advanced no new evidence that satisfies the Jarrett test, we hold that the district court did not abuse its discretion in denying the Rule 33 motion. See United States v. Williams, 81 F.3d 1434, 1437 (7th Cir.1996).
 
 
 5
 AFFIRMED.
 
 
 
 *
 This successive appeal has been submitted to the same panel under Operating Procedure 6(b). After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)