PER CURIAM.
Paul Roberts Hamwi appeals the summary denial of his post-conviction motion. We find that an evidentiary hearing is required on Hamwi’s allegation that the state suppressed favorable evidence.
Hamwi and his co-defendant Paul Serio were convicted of the first degree murder of Hamwi’s former wife. The confessed killer, Robert Beckett, Sr., testified under a grant of immunity that Hamwi hired him to commit the murder and that Serio assisted. Neither Beckett nor Serio implicated anyone else in the crime.
After trial, the defense made a public records request, which yielded evidence that there had been a preliminary finding that one of the fingerprints at the crime scene might have been left by Beckett’s son. Hamwi claimed that the state’s failure to disclose that evidence before trial violated Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). In order to prevail on this claim, Hamwi must show that the evidence was favorable to him; the evidence was suppressed by the state; and, the defense was prejudiced. See Way v. State, 760 So.2d 903, 910 (Fla.2000), cert. denied, 531 U.S. 1155, 121 S.Ct. 1104, 148 L.Ed.2d 975 (2001). We find that Hamwi’s motion made a sufficient preliminary showing on all three factors to warrant an evidentiary hearing.
We reverse the summary denial order on this ground only. The trial court properly denied post-conviction relief on Ham-wi’s remaining claims.
SHAHOOD, GROSS and HAZOURI, JJ., concur.