NOS. 07-00-0105-CR; 07-00-0106-CR;


 07-00-0107-CR; 07-00-0108-CR;

 07-00-0109-CR; 07-00-0110-CR;

 07-00-0111-CR; 07-00-0112-CR


IN THE COURT OF APPEALS


 

FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



JULY 21, 2003


______________________________




WILLIAM CASH LOVE, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 64TH DISTRICT COURT OF SWISHER COUNTY;


NOS. B3249-99-07CR; B3250-99-07-CR; B3251-99-07-CR; B3252-99-07-CR;


B3253-99-07-CR; B3254-99-07-CR; B3352-99-07-CR; B3354-99-07-CR


HONORABLE JACK R. MILLER, JUDGE



_______________________________



Before JOHNSON, C.J., and QUINN, J., and BOYD, S.J. (1)

MEMORANDUM OPINION


 Appellant William Cash Love appeals from eight convictions for delivery of
controlled substances. The charges were consolidated for trial. Appellant presents 38
issues in his consolidated appeal. We reverse and remand. 

 Appellant was indicted in Swisher County in Causes B3249-99-07-CR, B3250-99-07-CR, B3251-99-07-CR, B3252-99-07-CR, B3253-99-07-CR, B3254-99-07-CR, B3352-99-07-CR, B3354-99-07-CR. The indictments were for delivery of controlled substances
of various kinds and amounts on various occasions. The charges were consolidated for
trial before a jury, which returned guilty verdicts and assessed varying punishments. 
Appellant has appealed each conviction. 

 Appellant's consolidated brief presents 38 issues by which he prays that we reverse
the convictions and remand the cases for new trials. Via issues one through eleven
appellant asserts that the State failed to disclose material evidence which was exculpatory,
favorable to appellant, or which could have been used to impeach State witnesses. 

 Appellant has filed a supplemental brief to which he attached an appendix
consisting of parts of a document entitled Joint Stipulated Findings of Fact and
Conclusions of Law from a collateral proceeding ("the Stipulations"). The Stipulations set
out that the State, appellant, and others, stipulate to matters set out in the document. 

 Following filing of appellant's supplemental brief, the State advised the Court that
the document appended to appellant's supplemental brief accurately sets forth the State's
"new position" in regard to appellant's appellate issues and matters included in the
document. 

 Included in the Stipulations are specific findings and conclusions that the State did
not disclose to appellant or his counsel, either pre-trial or during trial, evidence which (1)
was material to appellant's defense, (2) was favorable to appellant, and (3) would have
been used to impeach State's witnesses. Also included in the Stipulations is an agreed-to
conclusion that the Brady (2) doctrine was violated and that the cases should be remanded
for a new trial. 

 The State has an affirmative duty to disclose material, exculpatory evidence to a
defendant. See Brady, 373 U.S. at 87; Ex parte Kimes, 872 S.W.2d 700, 702
(Tex.Crim.App. 1993). Brady evidence is "material" if there is a reasonable probability
that if the evidence had been disclosed, the outcome of the proceeding would have been
different. United States v. Bagley, 473 U.S. 667, 681-82, 105 S.Ct. 3375, 87 L.Ed.2d
481(1985); Kimes, 872 S.W.2d at 702. 

 Based upon the State's response and its new position as to appellant's issues, we
sustain appellant's first issue. Our disposition of issue number one is dispositive of the
appeals. Accordingly, we do not consider any other issues. See Tex. R. App. P. 47.1. 

 We reverse the judgments and remand the cases for further proceedings. Tex. R.
App. P. 43.2. 

 Phil Johnson

 Chief Justice


Do not publish. 




 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.
2. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).