**Gregory BROWN, Petitioner–Appellant,**

v.

**Burl CAIN, Warden, Louisiana State Penitentiary, Respondent–Appellee.**

No. 12–30207.

United States Court of Appeals, Fifth Circuit.

Sept. 24, 2012.

Sarah Lynn Ottinger, Cecelia Trenticosta, Capital Appeals Project, New Orleans, LA, for Petitioner–Appellant.

Monisa Leola Thompson, District Attorney's Office, Baton Rouge, LA, for Respondent–Appellee.

ORDER

LESLIE H. SOUTHWICK, Circuit Judge:

Gregory Brown, Louisiana prisoner # 293455, moves for a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2254 application challenging his convictions for attempted second degree murder and armed robbery. He contends that the district court abused its discretion in failing to conduct an evidentiary hearing on his claims of juror misconduct, his claims based on *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and his claim that excessive security measures violated his right to a presumption of innocence. Brown also contends that the district court applied an incorrect standard in reviewing his ineffective assistance of counsel claims and that counsel was ineffective in failing to file a motion for severance.

To obtain a COA, Brown must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Miller–El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). If a district court dismisses a claim on the merits, the applicant must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (internal quotation marks and citation omitted).

Brown has not met the requisite standard. *See Slack,* 529 U.S. at 484, 120 S.Ct. 1595. Brown abandons the following claims by failing to raise them in his COA brief before this court: (1) trial counsel rendered ineffective assistance by failing to: (a) object to erroneous jury instructions on the element of intent, (b) in-

**262**

vestigate his case, (c) litigate a change in venue, (d) litigate a motion to suppress identification, and (e) adequately prepare for trial; (2) appellate counsel rendered ineffective assistance; (3) the cumulative effect of trial counsel and appellate counsel's ineffectiveness violated his constitutional rights; (4) the prosecutor engaged in misconduct by suppressing information regarding the prosecutor's personal relationship with the victim; (5) Brown was denied his right to testify; (6) and Brown was convicted based on a non-unanimous verdict. *See Hughes v. Johnson,* 191 F.3d 607, 613 (5th Cir.1999). Accordingly, Brown's request for a COA is DENIED.