<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4302**

_____

UNITED STATES OF AMERICA,

    Plaintiff – Appellee,

  v.

ROCCI WADE,

    Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. John Preston Bailey, Chief District Judge. (5:13-cr-00030-JPB-JES-5)

_____

Submitted: October 15, 2014   Decided: November 4, 2014

_____

Before WILKINSON, MOTZ, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Patricia Valentino Kutsch, KUTSCH LAW OFFICES, Wheeling, West Virginia, for Appellant. William J. Ihlenfeld, II, United States Attorney, Randolph J. Bernard, John C. Parr, Assistant United States Attorneys, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM

Rocci Wade appeals his convictions after a jury trial of conspiracy to possess with the intent to distribute and to distribute oxycodone, in violation of 21 U.S.C. §§ 846, 841(b)(1)(C), and distribution of oxycodone, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(C).  We affirm.

On appeal, Wade first asserts prosecutorial misconduct based on two comments during closing argument: (1) "that this case has basically everything an investigation would have, except what you often don't have.  And that's a confession," and (2) that Wade's co-defendants were not promised anything in exchange for their testimony, were not obligated to testify, and were only asked to cooperate fully and truthfully, in exchange for which the Government would agree to recommend a one-level downward departure at sentencing.

"To prevail on a claim of prosecutorial misconduct, a defendant must show (1) that the prosecutor's remarks and conduct were, in fact, improper and (2) that such remarks or conduct prejudiced the defendant to such an extent as to deprive the defendant of a fair trial."  United States v. Allen, 491 F.3d 178, 191 (4th Cir. 2007).  This court generally reviews a district court's ruling on comments made during closing argument for an abuse of discretion.  See United States v. Runyon, 707 F.3d 475, 491 (4th Cir. 2013).

2

The Constitution does not permit the government to comment on the accused's silence. Bates v. Lee, 308 F.3d 411, 420 (4th Cir. 2002). The test is whether the "language used [was] manifestly intended to be, or was [] of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify[.]" United States v. Anderson, 481 F.2d 685, 701 (4th Cir. 1973), aff'd, 417 U.S. 211 (1974).

We have reviewed the record and conclude that the prosecutor's remark on the lack of a confession neither was intended nor would naturally be taken as a comment on Wade's failure to testify. We thus conclude that the district court did not abuse its discretion in denying Wade's motion for a mistrial based on these remarks.

Wade did not raise his claim arising from the prosecutor's comments on his co-defendants' plea agreements in the district court. Thus, this court reviews that claim for plain error only. United States v. Alerre, 430 F.3d 681, 689 (4th Cir. 2005).

We have reviewed the record and conclude that the prosecutor's comments on Wade's co-defendants' plea agreements accurately described the substance of the agreements. We thus conclude that the prosecutor did not engage in any misconduct.

3

Wade next asserts error in the admission of witness testimony, which allegedly violated Brady v. Maryland, 373 U.S. 83 (1963). The prosecution disclosed, before trial, that the witness in question stated in 2013 that he had bought drugs from Wade "for at least two years," prior to the interview. At trial, the witness testified that he began purchasing drugs from Wade in "late 2007-early 2008."

To establish a due process violation under Brady, Wade must prove that: (1) the prosecution withheld or suppressed evidence; (2) the evidence is favorable; and (3) the evidence is material to the defense. See Moore v. Illinois, 408 U.S. 786, 794-95 (1972). Evidence is material when there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. See United States v. Bagley, 473 U.S. 667, 682 (1985).

We have reviewed the record and conclude that the prosecution neither withheld nor suppressed favorable evidence. We thus conclude that the district court did not err in admitting such testimony. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the

4

materials before this court and argument would not aid the decisional process.

AFFIRMED