**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| V. | ) | **ID No. 1401014417** |
| | ) | |
| FRANK DAVENPORT, | ) | |
| | ) | |
| Defendant. | ) | |

*Upon Defendant's Motion to Dismiss with Prejudice —* **DENIED**

Submitted: December 17, 2014
Decided: December 31, 2014

Defendant Frank Davenport is charged with murder in the first degree and associated charges in connection with allegations arising from the death of Holly Wilson on or about January 16, 2010. On January 21, 2014, the grand jury returned an indictment against Defendant. The State is not pursuing the death penalty. Trial is scheduled to begin on January 12, 2015, with jury selection scheduled to begin on January 8, 2015.

On November 19, 2014, this Court granted Defendant's motion to compel, over the State's objection, and ordered the State to provide Defendant with a copy of an internal Department of Justice memorandum that the State provided to its expert witness. The State complied with the Order that day. Upon review of the internal memorandum, Defendant filed this motion to dismiss on the grounds that the State willfully suppressed *Brady* material. Defendant argues that the State "sat on" exculpatory evidence for four years and, more specifically, withheld the

exculpatory evidence for the ten months that this case has been pending. The State opposes Defendant's motion to dismiss. It is the State's position that that contents of its internal memorandum were not willfully suppressed, and instead, were protected attorney work product. Furthermore, the State asserts that it offered to furnish its internal memorandum to the Court for *in camera* review, which is "diametrically opposite to an effort to willfully suppress of conceal the information contained within the memorandum."[1]

Upon consideration of Defendant's motion to dismiss with prejudice and the State's opposition thereto, the Court finds as follows:

1. It is well-settled law that a *Brady* violation occurs where there is "suppression by the prosecution of evidence favorable to an accused . . . [that] violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."[2]

2. The *Brady* requirements promote the fair administration of justice and prevent the miscarriage of justice by requiring prosecutors to "turn over all favorable evidence to the accused" in order to "ensure a fair trial."[3]

3. The Delaware Supreme Court has identified the three components of a *Brady* violation as "'(1) evidence exists that is favorable to the accused,

---

[1] Resp. to Mot. to Dismiss.
[2] *Brady v. Maryland*, 373 U.S. 83, 87 (1963).
[3] *Wright v. State*, 91 A.3d 972, 987 (Del. 2014).

2

because it is either exculpatory or impeaching; (2) that evidence is suppressed by the State; and (3) its suppression prejudices the defendant.'"[4]

4. Delayed disclosure of exculpatory evidence can result in a *Brady* violation if the evidence is not disclosed "within a sufficient amount of time for the defense to be able to use it."[5] It is not a *Brady* violation if, after delayed disclosure, the defendant can effectively present the evidence at trial and if the delay does not hinder the defendant's ability to investigate the evidence.[6]

5. It is the defendant's burden to show that the nondisclosure, or delayed disclosure, of favorable evidence prejudiced the defendant by denying the opportunity to use the evidence effectively.[7]

6. Defendant argues that the State committed a *Brady* violation because the State knowingly suppressed exculpatory evidence contained in an internal memorandum. Specifically, Defendant refers to a portion of the internal memorandum in which the State recounts a dispute between two medical examiners regarding the victim's cause of death. Within that same paragraph, the State concedes that the medical examiner's dispute "would surely create *Brady* material for [the State]."[8] Accordingly, the Court finds

---

[4] *Id.* at 988 (citing *Starling v. State*, 882 A.2d 747, 756 (Del. 2005)).
[5] *State v. Braden*, 2009 WL 10244069, at *2 (Del. Super. May 21, 2009).
[6] *Id.*
[7] *Wright*, 91 A.3d at 988.
[8] State's Internal Memo. at 4.

that the State's delayed disclosure of information surrounding a dispute over the victim's cause of death implicated *Brady*.

7. However, the Court finds that Defendant has not suffered prejudice because of the delayed disclosure. Defendant received the information sufficiently in advance of trial. Defendant sought relief from the State's delay in the form of a motion for an extension of time to review the memorandum and retain a defense expert, which the Court granted. Defendant has not requested other relief, including a trial continuance, which could be considered.

8. For the aforementioned reasons, the State's delay in disclosing *Brady* material has not prejudiced Defendant. Defendant has had sufficient time to use the information effectively and has the ability to request other relief, including continuance of trial, from this Court. Accordingly, dismissal of the indictment is inappropriate under these circumstances.

**NOW, THEREFORE, IT IS HEREBY ORDERED on this 31st day of December 2014, Defendant Frank Davenport's Motion to Dismiss with Prejudice is hereby DENIED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____

**The Honorable Andrea L. Rocanelli**

4