Justice Ingrid Gustafson delivered the Opinion of the Court.
***414 ¶1 Christopher Chavis (Chavis) appeals the Order & Memorandum Denying Defendant's Motion to Dismiss or For New Trial in the Alternative issued by the Thirteenth Judicial District Court, Yellowstone County, on June 2, 2017.
¶2 We restate the issue on appeal as follows:
Did the District Court err when it denied Chavis's motion for a new trial?
¶3 We reverse and remand for a new trial.
FACTUAL AND PROCEDURAL BACKGROUND
¶4 Chavis was charged with felony Partner or Family Member Assault on December 1, 2015. Prior to trial, Chavis requested discovery from the State, including photographs in the possession of "any law enforcement official or other interested parties cooperating with investigating authorities dealing with all incidents out of which the charges arose" and any material which "through due diligence may be learned from the investigating officers or the witnesses in this case which is exculpatory in nature or favorable to Defendant." The State never indicated the existence of any evidence sought in discovery to be held by or in the control of another agency such that Chavis should seek subpoena directed to the other agency, but instead represented the opposite. On June 9, 2016, the State, in response to Chavis's motion to compel, represented Chavis had "received the full discovery in this matter from the State."
***415 ¶5 At trial, Chavis testified in his defense, asserting a justifiable use of force defense. Chavis testified that while he and M.M. were driving to work, the two argued, M.M. struck him in the face, and grabbed the steering wheel. While trying not to crash, Chavis's hand hit M.M.'s face when he blindly pushed her away. Chavis testified he developed a black eye under his right eye from M.M.'s assault. During closing argument, the State attempted to rebut Chavis's self-defense claim arguing, "The officers looked for an injury, there were none. The black eye didn't appear later, you have no evidence other than the Defendant's statement." On July 18, 2016, Chavis was found guilty of the offense.
¶6 Near the end of July 2016, Chavis became aware of photographs in the possession of the State. These photographs were taken through the Telmate system at the Yellowstone County Detention Facility (YCDF) within a few days after Chavis's arrest while he was being held pending bail. The photographs showed Chavis with discoloration under his right eye consistent with Chavis's assertion M.M. attacked him resulting in a black eye and contradicting the *642 State's assertion that there was no black eye. Chavis filed a timely Motion to Dismiss or for New Trial in the Alternative. Therein, Chavis sought dismissal of the charge against him for the State's Brady violation or, alternatively, a new trial based on the discovery of new evidence-the photos showing Chavis with a black eye. The State resisted the motion. In analyzing Chavis's Brady violation claim, the District Court concluded, "the State was in possession of the photographs ... which were favorable to the Defendant's claim of self-defense showing a mark under his right eye only a few days following his arrest[ ]" and that "there is a reasonable probability that these photographs may have changed the result of the proceeding since [Chavis] alleged justifiable use of force." The District Court also concluded that as the State was unaware of the photos prior to trial, it did not suppress them[1] and that Chavis "could have obtained the photographs with reasonable diligence, a subpoena or a simple request to his attorney or their investigator for the Telmate ***416 information."[2] In analyzing Chavis's alternative motion for a new trial, the District Court concluded: the photographs were discovered post-trial, were material and not merely cumulative, and there was a reasonable probability the evidence may have led to a different conclusion. The court, however, denied the motion concluding Chavis "could have found the photographs with reasonable diligence." Additional relevant facts are discussed below.
STANDARD OF REVIEW
¶7 Our review of constitutional questions, including asserted Brady violations, is plenary. State v. Ilk , 2018 MT 186, ¶ 15, 392 Mont. 201, 422 P.3d 1219. We review a district court's denial of a motion for a new trial for abuse of discretion. Ilk , ¶ 15.
DISCUSSION
¶8 Did the District Court err when it denied Chavis's motion for a new trial?
¶9 Chavis asserts a "new trial is required in the interest of justice" based on either the Clark analysis for newly discovered evidence or Brady violation analysis. See State v. Clark , 2005 MT 330, 330 Mont. 8, 125 P.3d 1099 ; Brady v. Maryland , 373 U.S. 83, 83 S. Ct. 1194, 10 L.Ed.2d 215 (1963).
¶10 A court may grant a defendant a new trial if required in the interest of justice. Section 46-16-702(1), MCA. Pursuant to Clark , to prevail on a motion for a new trial based on newly discovered evidence, the defendant must satisfy a five-part test:
(1) The evidence must have been discovered since the defendant's trial;
(2) the failure to discover the evidence sooner must not be the result of a lack of diligence on the defendant's part;
(3) the evidence must be material to the issues at trial;
(4) the evidence must be neither cumulative nor merely ***417 impeaching; and
(5) the evidence must indicate that a new trial has a reasonable probability of resulting in a different outcome.
Clark , ¶ 34.[3] The District Court determined Chavis satisfied parts 1, 3, 4, and 5, but *643 determined part 2 was not met concluding, "the failure to discover the evidence sooner was a result of a lack of diligence on [Chavis's] part." The State asserts the District Court properly denied Chavis's motion for a new trial. We conclude the District Court abused its discretion when it determined the failure to discover the Telmate photographs sooner was a result of a lack of diligence on Chavis's part.
¶11 In evaluating whether a lack of diligence existed on Chavis's part, we must both analyze the use and control of the Telmate system and determine whether the State reasonably should have known of the Telmate photographs. Here, neither party disputes the photographs at issue were discovered post-trial. YCDF is operated by the Yellowstone County Sheriff's Office. The Billings Police Department arrested Chavis, the Yellowstone County Attorney's Office charged and prosecuted him, and the Yellowstone County Sheriff's Office detained Chavis on the charges until he posted bond. These entities routinely work together to arrest, charge, investigate, and detain defendants. These are the entities acting upon the government's behalf in this case. Telmate contracts with YCDF to provide inmates with telephone and additional video/internet services. When an inmate at YCDF makes a telephone call, the call is placed through the Telmate system. The Telmate system is a web-based system which automatically takes a picture of every inmate when he or she places a call, records the call, and stores the images and recordings within its database. The Telmate system has been used by YCDF since October 2013. Although Telmate maintains the system, law enforcement officers, investigators, and prosecutors have access to log into the system to listen to and retrieve call recordings as well as to access the pictures automatically taken by ***418 the system.[4] It is not disputed that neither the State nor Chavis knew the photographs existed prior to trial.
¶12 The telephone system at YCDF is under its exclusive control. Since October 2013, YCDF has contracted with Telmate to provide a web-based, inmate calling system. Presumably, YCDF understood all the features and components of the system for which it contracted. Officers for the Yellowstone County Sheriff's Office were well aware that Telmate automatically took photos of inmates when an inmate accessed the Telmate system to place a call. Prosecutors, law enforcement, and the domestic violence investigator for the Billings Police Department-who was charged with reviewing jail calls and photos when assigned to do so by the county attorney's office-had full access to the Telmate system along with access to technical support from Telmate. The Telmate system did not advise inmates it automatically took and stored their picture upon accessing the system. No information was provided to inmates that they were permitted in any way to access the system to retrieve information from it. In fact, Captain Bofto testified that no Telmate photographs would be disseminated to an inmate without a subpoena. The Telmate system in operation at YCDF was within the exclusive control of the Yellowstone County Sheriff's Department and accessible to prosecutors and law enforcement including investigators subject to the direction of State prosecutors. Given the totality of the circumstances, it was an abuse of discretion for the District Court to conclude "neither the officers nor the prosecutor were aware of [Chavis's] Telmate photos" which were in their exclusive control and then ascribe a higher level of due diligence upon Chavis to discover the photographs. Under the circumstances here, the State, not Chavis, *644 should have known of and discovered the photographs long before this matter went to trial. When Chavis discovered photographs were potentially available, he timely ***419 advised his counsel who made immediate inquiry and timely filed a motion for new trial. We find this to constitute due diligence on Chavis's part. As such, it is appropriate to reverse and remand this matter to the District Court for a new trial. As we have determined Chavis is entitled to a new trial based on newly discovered evidence, we find no need to address Chavis's asserted Brady violations.
CONCLUSION
¶13 The District Court abused its discretion when it determined the failure to discover newly discovered evidence-photographs tending to corroborate the defendant's justifiable use of force defense-sooner was a result of a lack of diligence on the defendant's part. The defendant acted with due diligence. The State, not the defendant, should have known of and discovered the photographs long before this matter went to trial.
¶14 Reversed and remanded to the District Court for a new trial.
We concur:
JAMES JEREMIAH SHEA, J.
BETH BAKER, J.
DIRK M. SANDEFUR, J.
JIM RICE, J.

Prosecutors have a duty to learn of any favorable evidence known to others acting on the government's behalf in the case, including law enforcement. Kyles v. Whitley , 514 U.S. 419, 437, 115 S. Ct. 1555, 1567, 131 L.Ed.2d 490 (1995). The District Court did not analyze or discuss this requirement.

On several occasions prior to 2014, this Court declined to find a Brady violation where the defense could have obtained the exculpatory evidence through the exercise of due diligence. In 2014, the Ninth Circuit Court of Appeals determined that a requirement of due diligence is contrary to federal law and unsound public policy in Amado v. Gonzalez , 758 F.3d 1119, 1136 (9th Cir. 2014). This Court acknowledged that holding in State v. Weisbarth , 2016 MT 214, ¶ 30, 384 Mont. 424, 378 P.3d 1195. In State v. Reinert , 2018 MT 111, ¶ 17 n.1, 391 Mont. 263, 419 P.3d 662, we stated that "[g]oing forward we will decide issues regarding the withholding of exculpatory evidence without reference to a reasonable diligence requirement."

Brady violation analysis is quite similar to the Clark analysis. To prove a due process violation under Brady , a defendant must show: (1) the State possessed the evidence; (2) the prosecution suppressed the evidence; and (3) had the evidence been disclosed, a reasonable probability exists the outcome of the proceeding would have been different. Reinert , ¶ 17 (citing State v. Jackson , 2009 MT 427, ¶ 53, 354 Mont. 63, 221 P.3d 1213 ).

The photographs are accessed via a separate tab in the website. Despite the Telmate system being in place for nearly 3 years and jail staff/law enforcement routinely accessing calls and call information, law enforcement and prosecution involved with Chavis's case did not know of the existence of any pictures taken or stored by the Telmate system. Post-trial when using the Telmate system, Chavis discovered his picture and showed it to his counsel. Chavis's attorney immediately requested a sergeant at YCDF access the pictures, which he was able to do, and requested the pictures be preserved pending his obtainment of a subpoena. Upon learning from defense counsel of the photographs, the State requested Katie Nash, domestic violence investigator for the Billings Police Department, look for the photographs. She had to call Telmate for technical assistance to learn how to access them.