**STATE of Delaware**

v.

**Steven P. McLAUGHLIN, Defendant.**

Superior Court of Delaware,
New Castle County.

Submitted: Jan. 24, 1986.
Decided: June 18, 1986.

Charles E. Butler, Dept. of Justice, Wilmington, for the State.

Michael W. Modica, of Aerenson, Ferrara & Lyons, Wilmington, for defendant.

GEBELEIN, Judge.

Steven McLaughlin (hereinafter "defendant") has been charged with driving under the influence of alcohol in violation of 21 *Del.C.* § 4177 as a result of an incident on March 13, 1984, within the City of Wilmington. At the time of the arrest, the defendant was given a breath test which resulted in a blood alcohol reading of .23 percent. On October 11, 1984, the defendant was convicted of the offense of driving under the influence of alcohol (DUI) in Municipal Court. Defendant appealed this conviction to Superior Court and the case was scheduled for trial on January 14, 1986.

On January 9, 1986, Ms. Carol Wilkerson, employed as a chemical analyst by the Delaware State Police, advised the Attorney General's Office that she had been served with a subpoena *duces tecum* by the defendant which directed her to appear at the defendant's trial and to produce a film, prepared by her in connection with her employment, showing the coordination characteristics of individuals at various levels of intoxication. The State has moved to quash the defendant's subpoena *duces tecum*. Trial has been postponed in order to resolve this issue.

The defendant urges the Court to order the State to comply with the subpoena *duces tecum* on the ground that to do otherwise would be in violation of the compulsory process clause of the Sixth Amendment and the due process clause of the Fifth Amendment which guarantee the defendant the right to compel the production of favorable evidence. The State responds that the defendant has no rights, constitutional or otherwise, to retain an expert witness at State expense.

The United States Supreme Court examined "what might loosely be called the area of constitutionally guaranteed access to evidence" in *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867, 102 S.Ct. 3440, 3446, 73 L.Ed.2d 1193 (1982). The Court considered its earlier decisions in this area and reaffirmed that in order to establish a violation of either the compulsory process clause of the Sixth Amendment or the due process clause of the Fifth Amendment "requires some showing [by the defendant] that the evidence [sought] would be both material and favorable to the defense." 458 U.S. at 873, 102 S.Ct. at 3449. The Court further noted that the evidence must be material and favorable "in ways not merely cumulative to the testimony of available witnesses." *Id.* *Valenzuela-Bernal* turned on the fact that the defendant made "no effort to explain what material, favorable evidence" the witnesses he sought would have provided for his defense and, therefore, failed to establish a violation of the Fifth or Sixth Amendments. 458 U.S. at 874, 102 S.Ct. at 3450.

■ In the case at bar, the defendant has presented argument in support of his contention that Ms. Wilkerson's testimony and film would provide material, favorable evidence. Although Ms. Wilkerson was not present at the defendant's arrest, is not a witness to any event relating to the case, and did not calibrate the breathalyzer equipment used in the defendant's breath test; and, therefore, in sum, has no connection to the defendant's case, the defendant seeks to compel Ms. Wilkerson to testify in regard to a videotaped demonstration of individuals at various levels of intoxication previously prepared by Ms. Wilkerson for the purpose of training officers investigating DUI cases. The defendant contends that Ms. Wilkerson's experiment shows that a person with a blood alcohol content of .20 would be unable to satisfactorily perform a number of coordination tests which the defendant was purportedly able to perform. From this, the defendant hopes to show that because of the disparity between what the film depicts an average person's physical coordination to be at .20 and what the defendant's physical performance was, the only logical inference is that

the defendant's breath test was inaccurate and unreliable.

The State questions the materiality of Ms. Wilkerson's testimony both on the ground that she is not a witness to any event relating to either the defendant's arrest or to the determination of his blood alcohol content and, further on the ground that the inference the defendant seeks to draw is, under the circumstances, remote. The State points out that the inference the defendant seeks requires that the defendant establish that the behavior exhibited on the film is the behavior of all persons under the influence of alcohol. The film, however, only shows the effect of alcohol on those persons involved in the particular experiment conducted for training purposes and, of course, the defendant was not one of those persons. In addition, the State asserts that Ms. Wilkerson would testify that the film does not depict the behavior that should be expected of all persons with a blood alcohol content of .20. The defense is, therefore, in effect, seeking to utilize M. Wilkerson as an expert witness to testify on the extent to which the film shows the typical behavior of a person with a .20 blood alcohol content.

■ In light of the requirement of "materiality" set forth in *Valenzuela-Bernal* for establishing a violation of either the compulsory process clause of the Sixth Amendment or the due process clause of the Fifth Amendment, and the facts of this case, it is the conclusion of this Court that the film in itself does not represent material evidence, nor is Ms. Wilkerson a material witness. Further, the Court concludes that the defendant has no constitutionally protected right to compel the testimony of an expert witness who is not a material witness.

Material evidence is generally defined as evidence "which must necessarily enter into the consideration of the controversy, and which by itself or in connection with other evidence is determinative of the case." *Black's Law Dictionary* (Fifth Ed.). In *Valenzuela-Bernal*, the Court re-

lied on its earlier decision in *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976) to define "materiality". The *Agurs* decision was itself a reaffirmation of the Court's conclusion in *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment ..." 373 U.S. at 87, 83 S.Ct. at 1196. In *Agurs*, the Court noted:

> A fair analysis of the holding in Brady indicates that implicit in the requirement of materiality is a concern that the suppressed evidence might have affected the outcome of the trial.

427 U.S. at 104, 96 S.Ct. at 2398.

In the case at bar, the defendant seeks to use a film depicting the coordination abilities of individuals at various levels of intoxication to impeach the accuracy and reliability of a specific blood test given to the defendant. The film itself, even if considered together with evidence of what coordination abilities the defendant possessed at the time of his arrest, will not conclusively or even presumptively establish that the blood test is inaccurate or unreliable. The film will only establish a difference between the defendant's abilities and those of the particular individuals in the film. The film, accordingly, may not be characterized as material evidence as it is neither by itself nor in connection with other evidence determinative of the case. As the film is not material evidence, the State is under no constitutional duty to produce it for use by the defendant at trial.

In order to draw the inference that the blood test is inaccurate and unreliable based on the defendant's purported satisfactory performance of coordination tests, the testimony of a witness qualified on the subject of blood alcohol content and its effects on an individuals' coordination abilities is necessary. As noted, the State has no constitutional obligation to provide the film to the defendant. Nor is the State

under a constitutional duty to provide the defendant with an expert witness who is not a material witness. The test of materiality articulated in *Valenzuela-Bernal* applies with equal force to real, documentary and testimonial evidence. The testimony sought from Ms. Wilkerson under this test must be shown to be both material and favorable to the defense, 458 U.S. at 873, 102 S.Ct. at 3449, and to have some effect on the outcome of the trial, 458 U.S. at 868, 102 S.Ct. at 3446, in order for the defendant to assert a constitutional right to compel her testimony.

Ms. Wilkerson possesses no personal knowledge of the facts of this case and, although she has conducted an experiment which the defendant considers useful to the presentation of his case, she is not the only available chemical analyst who possesses the expertise to testify as to the effects of alcohol on the coordination abilities of individuals. Clearly, the defendant could engage an expert to conduct experiments on his behalf. In fact, the defendant could even participate in such experiments if he so desired, thereby increasing the relevance of such tests to this proceeding.

The Court is hard pressed to conclude that, under the circumstances, Ms. Wilkerson is a material witness. While it is arguable that Ms. Wilkerson could provide marginally favorable testimony, Ms. Wilkerson is not the only qualified expert who could serve the purposes of the defendant in impeaching the results of his blood test. Accordingly, Ms. Wilkerson's testimony is not such testimony that is likely to have an effect on the outcome of the defendant's trial. Furthermore, to compel Ms. Wilkerson to testify would, in essence, involve a form of involuntary servitude. *See, Ondis v. Pion,* 497 A.2d 13, 18 (R.I.1985). It is the obligation of the party who desires expert testimony to obtain the services of a qualified person on a voluntary basis. *Id.*

In light of the foregoing, the State's motion to quash is granted.