60 F.3d 832
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Peter Michael BERGNE, Petitioner-Appellant,
v.
William A. DUNCAN, Warden; Daniel E. Lungren, Attorney
General of the State of California, Respondents-Appellees.
 No. 94-56690.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 26, 1995.*
Decided July 3, 1995.
 
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Peter Michael Bergne, a California state prisoner, appeals pro se the denial of his 28 U.S.C. Sec. 2254 habeas corpus petition challenging his conviction, following a jury trial, for second degree murder. Bergne contends that (1) the trial court violated his right to compulsory process, (2) the prosecution failed to disclose exculpatory evidence, and (3) his attorney provided ineffective assistance. We have jurisdiction under 28 U.S.C. Sec. 2253, and we affirm in part and vacate in part.
 
 
 3
 First, Bergne contends that he was denied the right to compulsory process because the trial court did not give him the opportunity to subpoena former employers and coworkers who could have supported a theory of self-defense by testifying at trial regarding his reasonable, non-violent nature. This contention lacks merit.
 
 
 4
 The Sixth Amendment Compulsory Process Clause guarantees "that criminal defendants have the right to the government's assistance in compelling the attendance of favorable witnesses at trial and the right to put before a jury evidence that might influence the determination of guilt." Pennsylvania v. Ritchie, 480 U.S. 39, 56 (1987). Compulsory process provides no greater protection than due process, which obliges the government "to turn over evidence in its possession that is both favorable to the accused and material to guilt or punishment." Id. at 56-57; accord United States v. Valenzuela-Bernal, 458 U.S. 858, 867 (1982) (defendant must show that government deprived him of material, favorable evidence).
 
 
 5
 Bergne, however, knew of the existence of his former employers and coworkers, and does not claim that the state concealed their existence or prevented them from testifying. His contention does not implicate the Compulsory Process Clause. See Ritchie, 480 U.S. at 56-57; Valenzuela-Bernal, 458 U.S. at 867.
 
 
 6
 Bergne also contends that the trial court denied him compulsory process because it did not permit him to obtain more than one psychiatric expert to testify in his behalf at his competency hearing. We decline to consider this contention because Bergne did not raise it in his habeas petition in the district court, and the district court did not address it. See Willard v. California, 812 F.2d 461, 465 (9th Cir. 1987).
 
 
 7
 Second, Bergne contends that the prosecution violated due process by failing to disclose exculpatory evidence regarding the victim's psychiatric record. See Ritchie, 480 U.S. at 56-57; United States v. Hanna, No. 94-10131, slip op. 5953, 5960 (9th Cir. May 31, 1995) (citing Brady v. Maryland, 373 U.S. 83, 87-88 (1963)). This contention lacks merit because the trial transcript shows that the district attorney disclosed the victim's record to the defense.
 
 
 8
 We decline to consider Bergne's additional contentions, raised for the first time on appeal, that the prosecution failed to disclose exculpatory evidence regarding his incompetency to stand trial, and that the state was required to commit him for observation. See Willard, 812 F.2d at 465.
 
 
 9
 Third, Bergne contends that he was denied effective assistance of counsel. As discussed above, the record refutes Bergne's contention regarding counsel's failure to obtain the victim's psychiatric record. Bergne also contends that he was denied effective assistance of counsel because his attorney refused Bergne's request that he object when during the competency hearing, a juror received extrinsic information about the case from his son, who was confined to the same jail unit as Bergne.
 
 
 10
 A state prisoner may raise issues regarding his competency to stand trial in a federal habeas petition. Moran v. Godinez, 40 F.3d 1567, 1571-72 (9th Cir. 1994), amended, No. 91-15609, slip op. 6097 (9th Cir. June 2, 1995). The Sixth Amendment right to counsel applies at all critical stages of criminal proceedings, United States v. Springer, 51 F.3d 861, 864 (9th Cir. 1995), and a competency hearing is a critical stage, see Sturgis v. Goldsmith, 796 F.2d 1103, 1008 (9th Cir. 1986). To establish ineffective assistance of counsel, the petitioner must show that counsel's performance was deficient, and that this deficiency prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). The Constitution prohibits a jury from considering extrinsic evidence. United States v. Harber, 53 F.3d 236, 239 (9th Cir. 1995); Hughes v. Borg, 898 F.2d 695, 700 (9th Cir. 1990).
 
 
 11
 Thus, Bergne's allegations, if proved, would establish the right to relief. We therefore vacate the district court's denial of this claim, and remand for further proceedings. See Campbell v. Wood, 18 F.3d 662, 679 (9th Cir.) (evidentiary hearing required where petitioner's allegations, if proved, would establish right to relief, and issues cannot be resolved by reference to state court record), cert. denied, 114 S. Ct. 2125 (1994).
 
 
 12
 Bergne also contends that he was denied effective assistance of counsel because his attorney failed to call additional expert witnesses at the competency hearing. Bergne, however, failed to raise this claim in his habeas petition in the district court, and we decline to consider it. See Willard, 812 F.2d at 465 We also decline to consider additional ineffective assistance claims raised for the first time in the reply brief. See Nevada v. Watkins, 914 F.2d 1545, 1560 (9th Cir. 1990), cert. denied, 499 U.S. 906 (1991).
 
 
 13
 AFFIRMED in part, VACATED and REMANDED in part.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3