CHANDLER, J.,
for the Court:
¶ 1. Ervin Moore was indicted by the grand jury of Jasper County for murder on August 11, 1997. He was convicted of manslaughter in the Circuit Court of Jasper County on August 31, 1999 and sentenced to a term of fifteen years in the custody of the Mississippi Department of Corrections. Aggrieved, Moore cites the following issues on appeal:
I. WHETHER THE PROSECUTOR COMMITTED DISCOVERY VIOLATIONS WHICH AMOUNTED TO REVERSIBLE ERROR.
II. WHETHER THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE AND NOT SUPPORTED BY THE EVIDENCE.
Finding no error, we affirm.
FACTS
¶ 2. On June 26, 1997, the victim, J.C. Hare and his friend, Brian Jones, stopped at Perry Logan’s gas station for gasoline. There, they met the appellant, Ervin Moore. While inside the store, Jones and Logan heard Moore and Hare arguing outside and went to see what was causing the argument. Logan told Hare and Jones to leave, and they did as they were told.
¶ 3. Moore then went to the home of Eddie Lee Hayes, a nearby neighbor and told Eddie Lee that he was aware that a predator had taken some of Eddie Lee’s chickens. Moore convinced Eddie Lee that the culprit was a cat, and offered to shoot the cat if Eddie Lee would provide him with bullets. Eddie Lee gave Moore some bullets, but told Moore to give them back if Moore planned to make any trouble with Hare. Moore assured Eddie Lee he had no quarrel with Hare. Moore returned to his front yard after obtaining the bullets.
¶4. Later, Jones and Hare drove past Moore’s house and saw Moore in his yard. After dropping off a passenger, Jones and Hare drove back by Moore’s house and discovered he had thrown a pallette in the middle of the road. Moore was on the pallette and attempted to flag Jones and Hare as they passed him. After passing Moore in the road, Jones dropped Hare off at Hare’s house, a short distance from Moore’s location. As he was leaving Hare’s house, Jones saw Moore walking toward Hare’s house. At the same time, he saw another neighbor, Chris Hayes, and asked Hayes to call the police because he believed there would be trouble between Hare and Moore. Hayes did not call the police, but began walking toward Hare’s house. As he was approaching Hare’s house, Hayes heard gunshots. When he arrived at Hare’s house, Hayes met Moore who told Hayes that he shot *852 Hare because Hare pulled a knife on him. Hayes approached Hare, who was lying on the ground. He took a knife out of Hare’s hand and put it beside the body so that he could check Hare’s pulse, without the threat of being stabbed.
¶ 5. After learning of the shooting, Eddie Lee went to search for Moore. When he found Moore, Moore told Eddie Lee that he shot Hare because Hare had pulled a knife on him. Eddie Lee then took the gun from Moore.
¶ 6. The alcohol test performed by the crime lab on Hare’s body revealed that Hare’s blood alcohol content was .19. There was also a drug test ordered, but there was no report of the result's.
LAW AND ANALYSIS
I. WHETHER THE PROSECUTOR COMMITTED DISCOVERY VIOLATIONS WHICH AMOUNTED TO REVERSIBLE ERROR.
¶ 7. In his first assignment of error, Moore argues that the trial court committed reversible error when it denied Moore’s motion for directed verdict or dismissal due to alleged discovery violations. Specifically, Moore claims that despite his request that the State produce “all reports of any scientific tests, experiments, or studies made in connection with the case,” the State failed to give Moore the results of the drug tests performed on the victim, Hare. There is no evidence of the existence of the drug test results. Dr. Hayne, who was in charge of the autopsy, ordered the drug test, but testified that he knew nothing of the results.
¶ 8. Exculpatory evidence in the possession of the prosecution must be turned over to the defendant in a criminal proceeding. Brady v. Maryland, 373 U.S. 83, 86, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). To determine whether the nondisclosure or non-production requires reversal, this Court must decide whether the “omitted evidence creates a reasonable doubt as to the accused’s guilt that did not otherwise exist.” Scott v. State, 359 So.2d 1355, 1361 (Miss.1978). If the omitted evidence, when considered in light of the entire record, creates a reasonable doubt as to his guilt, the evidence must be produced. Otherwise, a new trial is not warranted. Id. The mere possibility that an item might have helped the defense does not establish materiality in the constitutional sense. Johnston v. State, 376 So.2d 1343, 1346 (Miss.1979).
¶ 9. In Moore’s case, it is unclear what, if any, exculpatory evidence was contained in the results of the drug test performed on Hare. Evidence to prove that the victim was legally intoxicated at the time of death was admitted at trial.
¶ 10. The Mississippi Rule of Evidence 404(a)(2) allows the accused to introduce character evidence of the victim in limited circumstances. The comment to the rule states that under specific circumstances, the character of a victim may be relevant. One of these circumstances is a situation in which the “defendant claims that the victim was the initial aggressor and that the defendant’s actions were in the nature of self-defense.” Edwards v. State, 726 So.2d 274, 277 (¶ 16) (Miss.Ct.App.1998). However, in Weeks v. State, 493 So.2d 1280, 1284 (Miss.1986), the court found that evidence of the victim’s drug use was admissible for purposes of proving self-defense, but that the exclusion of that evidence was not reversible error because the evidence was cumulative. Here, the possible evidence of the results of the drug tests performed on Hare would also be cumulative in light of the admitted evidence of the victim’s blood alcohol content. This issue is without merit.
*853 II. WHETHER THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE AND NOT SUPPORTED BY THE EVIDENCE.
¶ 11. In his second assignment of error, Moore alleges that the evidence is not sufficient to support his conviction 1) because Hare was found with a knife near his right hand, 2) because Hare was legally intoxicated at the time of the shooting, 3) because Moore told people immediately after the shooting that he acted in self defense, 4) because the knife was not fingerprinted and 5) because the State failed to present evidence of the drug screen. The State argues that the evidence is sufficient to support a verdict of guilty because Moore and Hare had an argument the day of the shooting, Moore lived near Hare and attempted to flag him as he passed Moore in the road, and Moore obtained bullets for his pistol when he was angry following the argument with Hare. Sufficiency questions are raised in motions for directed verdict and in JNOV motions. McClain v. State, 625 So.2d 774, 778 (Miss.1993). If a defendant moves for JNOV or a directed verdict, the trial court considers all of the credible evidence consistent with the defendant’s guilt, giving the prosecution the benefit of all favorable inferences that may be reasonably drawn from this evidence. Id. This Court is authorized to reverse only where, with respect to one or more of the elements of the offense charged, the evidence is such that reasonable and fair minded jurors could not find the accused guilty. Wetz v. State, 503 So.2d 803, 808 (Miss.1987).
¶ 12. In the present case, Moore was indicted for murder, but convicted of the lesser-included-offense of manslaughter. Manslaughter is defined as the killing of a human being, without malice, in the heat of passion, but in a cruel or unusual manner, or by the use of a dangerous weapon, without authority of law, and not in necessary self-defense. Miss.Code Ann. § 97-3-35 (Rev.2000).
¶ 13. The State presented evidence to prove manslaughter, and Moore presented little evidence to prove self-defense. The evidence is sufficient so that reasonable and fair minded jurors could find Moore guilty.
¶ 14. Moore also argues that the verdict was against the overwhelming weight of the evidence. This issue is challenged in a motion for new trial. The decision to grant or deny this motion is discretionary with the trial court. McClain, 625 So.2d at 781. The trial court should grant a motion for a new trial only when the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would be to sanction an unconscionable injustice. Wetz, 503 So.2d at 812. In reviewing the trial court’s denial of a new trial motion, we must accept as true all evidence favorable to the State, and we may not reverse absent an abuse of discretion. McClain, 625 So.2d at 781.
¶ 15. Accepting as true all evidence favorable to the State, Moore was proven guilty of manslaughter. The verdict is not against the overwhelming weight of the evidence. Like the previous issue raised by Moore, this issue is also without merit.
¶ 16. THE JUDGMENT OF THE JASPER COUNTY CIRCUIT COURT OF CONVICTION FOR MANSLAUGHTER, AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS HEREBY AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO JASPER COUNTY.
*854 McMILLIN, C.J., KING and SOUTHWICK, P.JJ., PAYNE, BRIDGES, THOMAS, LEE, IRVING and MYERS, JJ., concur.