**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 01-30316

LAWRENCE PETERS,

Petitioner - Appellant,

versus

BURL CAIN, Warden
Louisiana State Penitentiary,

Respondent - Appellee.

MANUEL NELSON,

Petitioner - Appellant,

versus

BURL CAIN, Warden
Louisiana State Penitentiary,

Respondent - Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
(No. 00-CV-2430-B)

March 19, 2002

Before JONES, WIENER and PARKER, Circuit Judges.

PER CURIAM:[*]

Lawrence Peters and Manuel Nelson each petition the court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. A judge of this court previously issued both men a certificate of appealability (COA) solely on whether the state's withholding exculpatory evidence violated the doctrine of *Brady v. Maryland*, 373 U.S. 83 (1963). The district court, in adopting the comprehensive report and recommendations of the magistrate judge, had concluded that the state court's refusal to find a *Brady* violation was not an unreasonable application of federal law. We agree and now affirm.

One of the witnesses in this case, Valerie Robair, at first told police she was asleep when the first of the two murders in this case occurred. At trial, however, Robair claimed to have witnessed both murders. Robair's original statement was recorded in a police report, which was withheld from the Defendants. To make out a *Brady* violation, the Defendants must prove that the withheld evidence if admitted would have had a reasonable probability of changing the outcome of the trial. *See Little v. Johnson*, 162 F.3d 855, 861 (5th Cir. 1998). And even if this court would have concluded that such a probability existed were

    [*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

-2-

we looking at the case in the first instance, we cannot reverse the state court's determination that no violation occurred unless it involved an unreasonable application of clearly established federal law. *See Williams v. Taylor*, 529 U.S. 362, 411-12 (2000).

We agree with the district court that habeas relief is not warranted in this case. The information contained in the police report undercuts the veracity of Robair's later claiming to have witnessed the first murder. But the effect of this inconsistency would have been somewhat mitigated by the fact that Robair made her statement to police at 2:30 a.m., and by her testimony at trial that she was then afraid to finger Peters and Nelson. More importantly, another witness, Mary Jenkins, also saw the first murder, and her testimony at trial is in no way undermined by the withheld report. We therefore conclude that the state court did not unreasonably conclude that the outcome of the case would have been different had the report been admitted.

AFFIRMED.