

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-16-2003

# USA v. Zimmerman

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3831

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Zimmerman" (2003). *2003 Decisions.* Paper 455.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/455

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-3831

UNITED STATES OF AMERICA

v.

SHAWN P. ZIMMERMAN,
Appellant

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 01-cr-00080-14)
District Judge:  Honorable A. Richard Caputo

Argued March 14, 2003

Before:  BECKER, Chief Judge*, RENDELL and AMBRO, Circuit Judges.

(Filed: June 16, 2003)

Michael C. Kostelaba, Esq.    [ARGUED]
P.O. Box 1321
Wilkes-Barre, PA  18703
        *Counsel for Appellant*

_____

*Judge Becker completed his term as Chief Judge on May 4, 2003.

Barbara K. Whitaker, Esq.   [ARGUED]
Office of U.S. Attorney
235 North Washington Avenue
P.O. Box 309, Suite 311
Scranton, PA  18501
     *Counsel for Appellee*

_____

OPINION OF THE COURT

RENDELL, <u>Circuit Judge</u>.

Shawn Zimmerman appeals the District Court's order denying his motion for a new trial.[1]  He argues that the government's failure to disclose a U.S. Secret Service Agent's interview notes constituted a material discovery violation under the Jencks Act, 18 U.S.C. § 3500 (1957), and <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and rendered the trial unfair.[2]  Because we find that any failure to disclose was harmless, we will affirm.

The District Court had jurisdiction under 18 U.S.C. § 3231, and we exercise

_____

[1] The District Court also denied Zimmerman's motion for judgment of acquittal due to insufficiency of the evidence, but Zimmerman does not raise this order on appeal.

[2] Zimmerman also appeals the District Court's denial of his request for transcripts of his co-defendants' proceedings under the Criminal Justice Act, 18 U.S.C. § 3006A(e). Zimmerman argues that the Court "should have approved" the request because the transcripts would have been helpful to cross-examination, but does not explain why the Court's denial was an abuse of discretion.  <u>See</u> <u>United States v. Roman</u>, 121 F.3d 136, 143 (3d Cir. 1997) ("The decision to grant or deny a motion under section 3006A(e) is one committed to the discretion of the district court, and a district court's decision will be disturbed on appeal only if it constitutes an abuse of discretion.")  As the transcripts would have been cumulative of the information already available to Zimmerman, and his co-defendants were available to be interviewed before trial, we find that the District Court did not abuse its discretion in denying Zimmerman's request and will therefore affirm.

jurisdiction over the Court's final orders pursuant to 28 U.S.C. § 1291. In reviewing the District Court's denial of a motion for a new trial based on a failure to disclose Jencks Act or <u>Brady</u> material, we conduct a clearly erroneous review of the Court's findings of fact and a de novo review of the Court's conclusions of law. <u>United States v. Price</u>, 13 F.3d 711, 722 (3d Cir. 1994).

We will assume for purposes of this appeal that the interview notes requested by Zimmerman should have been disclosed by the government, as they contained information that was potentially exculpatory. However, we will not grant relief unless the failure to disclose was material. <u>United States v. Bagley</u>, 473 U.S. 667, 675 (1985). In determining whether the government's failure to disclose was material, we must ask whether there is a "reasonable probability that, had the evidence been disclosed to [Zimmerman], the result of the proceedings would have been different. <u>Id.</u> at 682. Under this standard, "[t]he question is not whether [Zimmerman] would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial." <u>Kyles v. Whitley</u>, 514 U.S. 419, 434 (1995). We are mindful that the test is not whether, discounting the inculpatory evidence, there would still have been enough evidence to convict, but rather whether the favorable evidence puts the case in a "such a different light as to undermine confidence in the verdict." <u>Id.</u> at 435. And, we must consider the cumulative effect of all of the undisclosed evidence, not just the individual pieces. <u>Id.</u> at 434-37.

The facts are well known to the parties and need not be discussed at length. Zimmerman was convicted of credit card fraud and conspiracy to commit credit card fraud, under 18 U.S.C. §§ 2, 371, & 1029(a)(2), for his participation in incidents at a Staples office supply store, Choice Futons, and Fainberg & Sons furniture store involving stolen credit card numbers. Zimmerman's five co-conspirators, George Merrick, Carl Hodl, Michael Hodle, Mark DeRosa, and Tracy Pierontoni, all pled guilty and testified against Zimmerman at trial, as did victims from the Choice Futon and Fainberg & Sons incidents. U.S. Secret Service Agent William Slavoski also testified against Zimmerman, relying on notes he had made during interviews of co-conspirators and witnesses. Zimmerman's counsel requested copies of these notes and was given part, but not all, of the Agent's reports. After Zimmerman was convicted, he moved for a new trial on the basis that the notes he was not given were material and resulted in an unfair trial. The District Court reviewed the entirety of Agent Slavoski's reports *in camera* and determined that any error in their non-disclosure was harmless.

Zimmerman appealed, requesting that he be given copies of the reports in order to argue that the information contained therein was material. At oral argument, we ordered that Zimmerman's counsel be given access *in camera* to all of Agent Slavoski's reports and requested supplemental briefing on whether any error was harmless. Having reviewed the Agent's notes and considered the supplemental briefing, we agree with the District Court that any error here was harmless.

4

Zimmerman's argument that the reports were material rests in large part upon an *absence* in Agent Slavoski's notes of any mention of Zimmerman in relation to each of the incidents. He argues that the notes taken during an interview of Mark DeRosa, during which DeRosa discussed the Staples incident, mention the other co-conspirators but do not mention him, and that DeRosa did not mention Zimmerman in relation to the Choice Futon incident or the Fainberg & Sons incident. He also notes that there is no mention of Tracy Pierontoni's photo identification of Zimmerman. Finally, he argues that Agent Slavoski's notes do not mention the fraudulently procured furniture he later testified to having seen at Zimmerman's house.

We find this line of argument unavailing. The evidence at trial that Zimmerman participated in each of the incidents was overwhelming. The co-conspirators testified unequivocally and in detail to Zimmerman's role in each of the incidents, which testimony was corroborated by the victims. In light of the evidence against Zimmerman, DeRosa's failure to mention him during the interview with Slavoski does not seriously undermine the fairness of the trial, nor does Slavoski's failure to mention the furniture he later testified to having seen at Zimmerman's house. And, although Slavoski's report does not indicate Pierontoni's positive identification of Zimmerman, this absence does not necessarily undermine Slavoski's testimony that she had done so, but could just as easily indicate a failure on Slavoski's part to make notation in his report.

Zimmerman also suggests that the government's failure to disclose that Agent

Slavoski interviewed two Staples employees, who were not called to testify, prejudiced him because the employees described having seen two men buying the fraudulently procured computers, whose descriptions did not match Zimmerman. This argument is also without merit, as the fact that the two employees noticed two men who did not look like Zimmerman does not undermine our confidence in the jury's finding that Zimmerman was also participating.

Finally, Zimmerman argues that there is a material discrepancy between Merrick's testimony at trial that Zimmerman arranged the sale of a computer from the Staples incident to a third party and Agent Slavoski's notes taken during DeRosa's interview indicating that Mike Hodle was the one who arranged the sale. This notation was potentially powerful, he argues, because his defense to the Staples incident was that he was simply present in the store but did not participate in the crime, and Merrick's testimony that he arranged the sale of the computer provided the only evidence of any motive for his participation.

Although we are troubled by the government's failure to turn over the notes that revealed this discrepancy when there was no excuse for it not to do so, we find that the error was harmless. Even were we to entirely credit DeRosa's reported statement that it was Hodle, not Zimmerman, who arranged the sale, this evidence does not put the case in such a different light that it undermines our confidence in the verdict. Merrick, Carl Hodl, Mike Hodle, and DeRosa all testified in detail about Zimmerman's role in the

Staples incident. Zimmerman has not contended that he did not accompany these individuals, but only that he was not a participant in the conspiracy. Given the cumulative evidence of Zimmerman's participation in the entire event, the discrepancy regarding whether it was he or someone else who actually sold the computer to a third party does not render the trial unfair.

For the foregoing reasons, we will affirm the order of the District Court denying Zimmerman a new trial.

_____

TO THE CLERK OF COURT:

Please file the foregoing not precedential opinion.

/s/ Marjorie O. Rendell
Circuit Judge