CRAWFORD, Chief Judge
(concurring in the result):
This case is yet another example of the majority selectively refusing to follow Supreme Court precedent and fashioning a different standard for the military without a showing of military necessity. While I agree *328 with the result in this ease, I would apply the Supreme Court’s “reasonable probability” standard to the issue of wrongful nondisclosure as this Court did only last term in United States v. Mahoney, 58 M.J. 346 (C.A.A.F.2003). Also following the Supreme Court, I would apply the “reasonable doubt” standard where there has been perjured testimony. United States v. Bagley, 473 U.S. 667, 679-80, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). By abandoning Supreme Court precedent in the present case, the majority is inconsistent not only with this Court’s rulings as well as the Supreme Court’s, but it also undercuts the soundness of its adjudication. While the end result may not change, the rationale employed by the majority will only serve to “undermine[] public confidence in the stability, and predictability of military justice.” United States v. Kahmann, 59 M.J. 309 (C.A.A.F.2004)(Crawford, C.J., concurring in the result).
Over the years, the courts have sought to ensure that the accused’s right to a fair trial is not imperiled by the nondisclosure of evidence to the defense. Accordingly, the Supreme Court’s standard of review for wrongful nondisclosure cases has evolved. See, e.g., Strickler v. Greene, 527 U.S. 263, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999); Kyles v. Whitley, 514 U.S. 419, 437, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995); United States v. Bagley, 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985); United States v. Agurs, 427 U.S. 97, 103, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). In Agurs, the Supreme Court applied a “strict standard of materiality not just because [such cases] involve prosecutorial misconduct, but more importantly because they involve a corruption of a truth-seeking function of the trial process.” Agurs, 427 U.S. at 104, 96 S.Ct. 2392. But, when there is “no reason to question the veracity” of the verdict, then the Agurs materiality test would not apply. Id. Our Court likewise has developed various tests to decide the issue of wrongful nondisclosure. See, e.g., United States v. Hart, 29 M.J. 407, 410 (C.M.A.1990)(applying a beyond a reasonable doubt standard); United States v. Eshalomi, 23 M.J. 12, 24 (C.M.A.1986)(indicating that “we need not face [the Bagley] issue now because, even under the [Bagley] reasonable-probability test, reversal is required in this case”).
This evolution of the standard of review for wrongful nondisclosure stems from the question of which party bears the burden of proof. Addressing this question in conjunction with standard of review, the Court stated in Strickler, 527 U.S. at 290, 119 S.Ct. 1936 (citation omitted), that the issue is “whether the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict.” The burden is on the defense to show, first, that there has been non-disclosure; second, whether the evidence was material; and, third, whether “there [was] a reasonable probability that the jury would have returned a different verdict[.]” Id. at 296, 119 S.Ct. 1936. See also Banks v. Dretke, — U.S. -, 124 S.Ct. 1256, 157 L.Ed.2d 1166 (2004). If the defense meets the “reasonable probability” standard, it generally would not be possible for the Government to prove beyond a reasonable doubt that the failure to disclose had no impact on the verdict.
Notwithstanding the burden of proof, the appropriate standard of review remains “reasonable probability” of a different verdict. In keeping with this approach, this Court recently reiterated in Mahoney, as noted supra, that the “reasonable probability” test determines whether there has been wrongful nondisclosure of exculpatory evidence. In so doing, we opined:
The constitutional guarantee of due process requires that “criminal defendants be afforded a meaningful opportunity to present a complete defense.” California v. Trombetta, 467 U.S. 479, 485, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984). Accordingly, the prosecution must disclose to the defense “evidence favorable to an accused ... where the evidence is material either to guilt or to punishment.” Brady [v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963)]. “Favorable” evidence under Brady includes “impeachment evidence ... that, if disclosed and used effectively, ... may make the difference be *329 tween conviction and acquittal.” United States v. Bagley, 473 U.S. 667, 676, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985) (citations omitted). However, like other forms of exculpatory evidence, impeachment evidence is “material” to guilt or punishment “only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.” Id. at 682, 105 S.Ct. 3375. Under the “reasonable probability” standard of materiality, “[t]he question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial.” Kyles, 514 U.S. at 434, 115 S.Ct. 1555. Therefore, “[a] ‘reasonable probability of a different result is ... shown when the government’s evidentiary suppression ‘undermines confidence in the outcome of the trial.’ ” Id. (quoting Bagley, 473 U.S. at 678, 105 S.Ct. 3375).
Id. at 349. As demonstrated through our citations in Mahoney, this approach is consistent with the Constitution and Supreme Court precedent. Indeed, Bagley established a single standard of review, whether there is no request, a general request, or a specific request for the nondisclosed evidence. Bagley, 473 U.S. at 682, 105 S.Ct. 3375.
The “materiality” issue as applied by the majority and found in Rule for Courts-Martial 701(a)(2)(A) [hereinafter R.C.M.] is similar to the language employed in Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and its progeny:
We find the Strickland formulation of the Agurs test for materiality sufficiently flexible to cover the “no request,” “general request,” and “specific request” cases of prosecutorial failure to disclose evidence favorable to the accused: The evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A “reasonable probability” is a probability sufficient to undermine confidence in the outcome.
Bagley, 473 U.S. at 682, 105 S.Ct. 3375. The materiality standard mentioned in R.C.M. 701 and the Supreme Court decisions does not require the demonstration by a preponderance of the evidence that the disclosure would have resulted in the defendant’s acquittal.
Bagley’s touchstone of materiality is a “reasonable probability” of a different result, and the adjective is important. The question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence.
Kyles, 514 U.S. at 434, 115 S.Ct. 1555. It is not a “sufficiency of the evidence test.” As the Court noted, a Bagley error could not be treated as harmless because “a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different,” Bagley, 473 U.S. at 682, 105 S.Ct. 3375, necessarily entails the conclusion that the suppression must have “had substantial and injurious effect or influence in determining the jury’s verdict.” Brecht v. Abrahamson, 507 U.S. 619, 623, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993)(quoting Kotteakos v. United States, 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)).
We should follow Supreme Court precedent which sets forth a bright line rule for nondisclosure and closely approximates the result this Court seeks to achieve today. The “reasonable probability” rule ensures the rights of defendants and protects the interests of the Government. It is a predictable and consistent rule rather than one that depends on predilections of the appellate courts in the future. When the categories mentioned by the majority have to be further defined, I fear the end result will be further selective application of Supreme Court precedent in the future.
Because the result in this case is the same regardless of which standard is applied, I concur in the result reached by the majority.