**NOT RECOMMENDED FOR PUBLICATION**
File Name: 05a0011n.06
Filed: January 5, 2005

**No. 03-6669**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE MIDDLE DISTRICT OF |
| EDWARD ANDREW GINGERICH, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

Before: SILER and CLAY, Circuit Judges; BERTELSMAN, District Judge.[*]

**SILER, Circuit Judge**. Edward Gingerich appeals his conviction for possession with the intent to distribute methamphetamine and for attempt to distribute methamphetamine. His claimed errors include: (1) failure to admit certain evidence; (2) prosecutorial misconduct; and (3) sufficiency of the evidence. We affirm.

**BACKGROUND**

Gingerich was arrested on narcotics charges following his attempt to sell two ounces of methamphetamine to a police informant. The informant, William Darnell, was cooperating with the Tennessee Highway Patrol in exchange for consideration on pending charges. Darnell and Gingerich met on a road in Waynesboro, Tennessee. Darnell was equipped with a transmitter and police had

---

[*]The Honorable William O. Bertelsman , United States District Judge for the Eastern District of Kentucky, sitting by designation.

concealed their vehicles near the meeting site. At the meeting Gingerich indicated he had three ounces for sale. The sale was disrupted by a third vehicle that alerted the men, who drove away separately and rejoined later. Gingerich indicated he had disposed of the methamphetamine along the road, needed to recover it, and that he would contact Darnell later. Police then arrested Gingerich. Gingerich had approximately one half gram of methamphetamine in his possession. A three ounce "rock" of methamphetamine was discovered alongside the road.

Gingerich was indicted for attempting to distribute 50 grams or more of a mixture or substance containing methamphetamine, 21 U.S.C. § 846, and for possessing it with the intent to distribute. 21 U.S.C. § 841(a)(1). After trial, he was found guilty on both the attempt and possession counts and was sentenced to 78 months' imprisonment.

## STANDARD OF REVIEW

"When a trial court limits the scope of cross-examination, this court reviews that determination for an abuse of discretion." *United States v. Kone*, 307 F.3d 430, 436 (6th Cir. 2002). The standard of review is also abuse of discretion for both a district court's refusal to dismiss an indictment, *United States v. Overmyer*, 899 F.2d 457, 465 (6th Cir. 1990), and denial of a motion for a mistrial, *United States v. Cope*, 312 F.3d 757, 779 (6th Cir. 2002). When the sufficiency of evidence needed to sustain a conviction is challenged this court determines whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Clay*, 346 F.3d 173, 176 (6th Cir. 2003).

## DISCUSSION

Gingerich protests that the exclusion of certain exhibits which improperly restricted the scope of his cross-examination of Darnell. The court ruled, based on Federal Rule of Evidence 609, that the exhibits were inadmissible. Gingerich also invokes the Sixth Amendment right of confrontation, arguing that a defendant seeking to demonstrate the existence of a bias may impeach a witness either by cross-examination, *Davis v. Alaska*, 415 U.S. 308, 316 (1974), or by extrinsic evidence demonstrating the witness's bias. *United States v. Phillips*, 888 F.2d 38, 41 (6th Cir. 1989). However, Federal Rule of Evidence 608(b) prohibits the introduction of extrinsic evidence proving specific conduct for the purpose of attacking or supporting credibility. *Id.* The court did not limit the scope of cross-examination in its ruling; rather, it clearly left the credibility issues of financial motive and alleged intervention by police open and available for cross-examination.

After *Brady v. State of Maryland*, 373 U.S. 83, 87-88 (1963), the United States Supreme Court held that "suppression of material evidence justifies a new trial irrespective of the good faith or bad faith of the prosecution." *Giglio v. United States*, 405 U.S. 150, 153-54 (1972) (internal quotes omitted). When a witness's credibility may determine guilt, then nondisclosure of evidence affecting credibility falls within this general rule. *Id*. at 154. Not every failure on the part of a prosecutor to disclose such evidence is grounds for reversal; rather, it turns on the materiality of the information allegedly withheld. *See Schledwitz v. United States*, 169 F.3d 1003, 1011 (6th Cir. 1999). Materiality does not require that "the suppressed evidence in question establish the defendant's innocence by a preponderance of the evidence." *Id.* at 1011-12. Rather this assessment is made by determining whether a jury would have convicted based on other evidence not affected by the *Brady* material. *See Jamison v. Collins*, 291 F.3d 380, 386 (6th Cir. 2002).

Gingerich claims the prosecutor withheld advantageous information regarding Darnell's criminal history. He claims to have discovered through his own investigation that Darnell had felony convictions and a series of misdemeanor arrests that had been dismissed, and that the amount of *Brady* material not disclosed warranted a mistrial. By the time of trial, independent research had provided Gingerich with as much or more information about Darnell's criminal record as the prosecutor had available. The prosecutor may have acted improperly in failing to disclose all information relating to Darnell's credibility. However, as Gingerich possessed sufficient information before trial to attack Darnell's credibility, he cannot show that he was prejudiced by the failure to disclose; therefore, the district court's refusal to grant a mistrial or to dismiss the indictment was not an abuse of discretion.

He also has challenged the sufficiency of the evidence supporting his conviction. Gingerich does not attack his convictions with any particularity. He instead asserts that Darnell set out to make a case against him, and again attacks Darnell's credibility as a witness. The evidence presented, though disputed, was more than sufficient to sustain the conviction. A rational trier of fact could have found the essential elements of the crimes beyond a reasonable doubt.

**AFFIRMED.**