# CIRCUIT COURT OF THE CITY OF CHESAPEAKE

Commonwealth of Virginia

> v.

Mark Vidrine

September 20, 2012

Case No. (Criminal) 12-1877

By Judge Randall D. Smith

## *Introduction*

The underlying facts of this case involve a solicitation of prostitution charge. This matter is before the Court on Mark Vidrine's motion for the Commonwealth of Virginia to produce material claimed by Defendant to fall within *Brady* and its progeny: *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972); and *Wolfe v. Clarke*, 2012 U.S. App. LEXIS 17221 (4th Cir. 2012). Defendant's motion also prays for further discovery that Defendant claims he is owed under Rule 7C:5 of the Rules of the Supreme Court of Virginia.

The Court has considered Defendant's Motion to Compel Discovery, the Commonwealth's brief in response to Defendant's Motion, and arguments of counsel. The Court is of the opinion that Defendant's Motion should be denied in part and granted in part.

## *A. Defendant's Request for Brady Material*

Defendant and the Commonwealth do not dispute the extent, interpretation, or other requirements borne by the Commonwealth with respect to discovery. Rather the question presented is whether or not Defendant is entitled to the "unrelated copies of the police department's

records regarding Defendant and others who were arrested as part of the same undercover prostitution operation." Additionally, Defendant seeks documentation regarding the number of times that Officer Kimberley N. Godette has testified incorrectly and the specific facts corresponding with her incorrect testimony.

Defendant's argument for the discovery of material is stated in Defendant's Motion. Defendant's arguments, therefore, will not be repeated.

The Court has conducted an *in camera* review of the material provided to the Court by the Commonwealth. The Court does not find the material to be exculpatory. Therefore, the Commonwealth is not required to provide the material to the Defendant.

The Commonwealth provided Defendant with Officer Godette's statement made during Defendant's trial in General District Court on this matter. The Commonwealth is vicariously held to have the knowledge possessed by the police. Providing information does not necessarily make it admissible. If Officer Godette has knowingly testified untruthfully and/or has been disciplined by the police for untruthfulness, the Commonwealth must disclose these incidents. Similarly, if Officer Godette recanted testimony that she gave under oath in the past, the Commonwealth should provide this information to Defendant. These requirements do not justify or require Defendant's counsel access to all police records in these cases.

B. *Defendant's Request for Discovery Disclosure under Rule 7C:5 of the Rules of the Supreme Court of Virginia*

In addition to *Brady* material, Defendant also requests the disclosure of evidence under Rule 7C:5 of the Rules of the Supreme Court of Virginia. Rule 7C:5 provides limited discovery to a defendant of any relevant written or recorded statements or confessions made by the accused or copies thereof as well as the substance of any statements made by the accused to any law enforcement officer.

Again, Defendant's arguments and reasoning are outlined in Defendant's Motion and will not be repeated. Defendant's argument regarding entitlement to statements made by Defendant to law enforcement officers via computer email accounts is well taken. Written statements or recorded statements of Defendant seized via his computer or available on police equipment should be disclosed to Defendant. If the statements exist, they are discoverable under Rule 7C:5.

Also, it appears from the Commonwealth's sworn affidavit for the search warrant of Defendant's computer that he, "while in custody, refused to provide all necessary information to detectives. The information that he provided referred to his email account used to respond to the ad cannot be verified." This statement implies that Defendant made oral statements to law enforcement officers. If so, Defendant's written or recorded statements

or the substance of any oral statements should be provided to Defendant by the Commonwealth.

## Conclusion

Defendant's Motion is granted in part and denied in part. This writing shall serve as the Court's ruling on this motion. The Court further orders that the Commonwealth's response and documents provided be sealed and made part of the record in this case.