PER CURIAM.
h Denied. Relator fails to show that the district court did not act within its discretion when it found the instant counseled claims inexcusably omitted from his prior applications and therefore barred under La.C.Cr.P. art. 930.4(E). Moreover, he has not shown that the state withheld material exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), or that the state presented any false or misleading testimony entitling him to relief under Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972).
Relator has now fully litigated at least three applications for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of successive applications only under the narrow circumstances provided in La. C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended La.C.Cr.P. art. 930.4 to make the procedural bars bagainst successive filings mandatory. Relator’s *324 claims have now been fully litigated in state collateral proceedings in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless relator can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review.