PER CURIAM
‘ 11 Writ granted. The Brad/y claim presented by relator merits remand to the district court for a full evidentiary hearing. We find no basis to disturb the district court’s factual determination that the Brady claim predicated on newly-discovered information surrounding tjie October 29, 1971 rape and the alleged perpetrator of that rape was not procedurally barred. See La. C.Cr.P. art. 930.8. However, we find relator has made a sufficient showing to warrant an evidentiary hearing on whether the State withheld material exculpatory evidence such that relator was denied a fair trial. Accordingly, the matter is remanded to the district court to conduct a hearing as soon as practical in view of relator’s failing health and to determine whether the State was obligated under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), to disclose the information to relator’s trial counsel.
JOHNSON, C.J., concurs and assigns reasons.
WEIMER, J., would deny the writ.
GUIDRY, J., concurs and assigns reasons,
CLARK, J., dissents and would deny the writ.
*851 HUGHES, J., would deny the writ.
CRICHTON, J., additionally concurs and assigns reasons.