People v Breland (2019 NY Slip Op 08686)





People v Breland


2019 NY Slip Op 08686


Decided on December 4, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
HECTOR D. LASALLE, JJ.


2015-11522
 (Ind. No. 7761/13)

[*1]The People of the State of New York, respondent,
v
Daquan Breland, appellant.


Janet E. Sabel, New York, NY (Rachel L. Pecker and Alan Axelrod of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Camille O'Hara Gillespie, and Marie John-Drigo of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Neil Jon Firetog, J.), rendered November 6, 2015, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The relevant facts of this case are set forth in the decision and order on the appeal of the codefendant Deshawn Wright (see People v Wright, 166 AD3d 1022).
There is no merit to the defendant's contention that the People committed a Brady violation (see Brady v Maryland, 373 US 83) by failing to disclose that a witness had collected a $2,000 reward from Crime Stoppers prior to trial. The People have a duty to disclose to the defense evidence in its possession that is favorable to the accused (see id.; People v Steadman, 82 NY2d 1, 7). The disclosure of evidence affecting credibility falls within this general rule (see Giglio v United States, 405 US 150, 154; People v Steadman, 82 NY2d at 7; People v Novoa, 70 NY2d 490, 496).
To establish a Brady violation, a defendant must show that the evidence is favorable to the defendant because it is either exculpatory or impeaching in nature, the evidence was suppressed by the prosecution, and prejudice arose because the suppressed evidence was material (see People v Fuentes, 12 NY3d 259, 263; see also People v Garrett, 23 NY3d 878, 885). Absent a specific request by the defendant for the evidence, materiality can only be demonstrated by a showing that there is a "reasonable probability" that it would have changed the outcome of the proceedings (People v Fuentes, 12 NY3d at 263 [internal quotation marks omitted]; see People v Hunter, 11 NY3d 1, 5; People v Bryce, 88 NY2d 124, 128). Here, the defendant made only a general request for exculpatory material (see People v Vilardi, 76 NY2d 67, 70-72).
There is no evidence that the prosecution was aware of the $2,000 reward at the time of the defendant's trial, as the identity of individuals providing information to, and collecting rewards from, Crime Stoppers is kept confidential. Moreover, it is clear that the witness received substantial benefits of approximately $12,000 in exchange for his cooperation in the case against the [*2]defendant and that this information was disclosed to the defendant. The defendant engaged in extensive cross-examination of the witness regarding this issue, as well as that witness's extensive criminal history, current pending charges, and inconsistent statements regarding the shooting. Under these circumstances, there is no reasonable probability that additional cross-examination of that witness concerning the $2,000 reward would have yielded a different result and, therefore, reversal is not required on this ground (see People v Fuentes, 12 NY3d at 263; People v Portilloaguilar, 164 AD3d 1376).
The defendant's contention that the Supreme Court erred in admitting excerpts of a sworn audiotaped statement made by a witness to law enforcement officials under the past recollection recorded exception to the hearsay rule is without merit (see People v Taylor, 80 NY2d 1, 8; People v Wright, 166 AD3d at 1024). The defendants's alternative contention that the statement excerpts were improperly admitted as an attempt by the People to impeach their own witness is unpreserved for appellate review (see CPL 470.05[2]) and, in any event, without merit.
BALKIN, J.P., COHEN, MILLER and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court