**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 21-2715

CARL SIMON,

Appellant

v.

GOVERNMENT OF THE VIRGIN ISLANDS

On Appeal from the District Court of the Virgin Islands
(D. C. No. 3-03-cv-00024)
District Judges:  Honorable Wilma A. Lewis

Argued on May 11, 2022

Before:  JORDAN, MATEY, and ROTH, Circuit Judges

(Opinion filed March 30, 2023)

Joseph A. DiRuzzo, III
Daniel M. Lader                  **(Argued)**
DiRuzzo & Company
401 East Las Olas Boulevard
Suite 1400
Fort Lauderdale, FL 33301

    Counsel for Appellant

Ian S.A. Clement                    **(Argued)**
Office of Attorney General of Virgin Islands
Department of Justice
34-38 Kronprindsens Gade
GERS Complex, 2nd Floor
St. Thomas, VI 00802

        Counsel for Appellee

---

O P I N I O N*

---

**ROTH,** <u>Circuit Judge</u>:

Carl Simon is suing the Government of the Virgin Islands in a habeas corpus action, collaterally attacking his criminal conviction. Simon seeks reversal of the District Court's order, denying appointment of counsel under federal law for his upcoming Virgin Islands Superior Court evidentiary hearing. Because the District Court's denial of court-appointed counsel was not a final, appealable order, we do not have jurisdiction to hear Simon's appeal and will dismiss it.

**I.**

Simon was convicted of burglary, robbery, and felony murder in the Territorial Court of the Virgin Island, now the Virgin Islands Superior Court. He then filed a petition for a writ of habeas corpus, which the Superior Court rejected. The District Court, acting

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

as the only intermediate appellate court at the time, heard argument on the matter and affirmed the Superior Court.

Simon then appealed to this Court. We held that the lower courts erred in two ways. The Superior Court erred when it failed to conduct "an evidentiary hearing to address Simon's claim that the government had violated its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963)," and that the District Court had erred when it denied "Simon's claim that his trial counsel . . . was ineffective without remanding the matter to the Superior Court for an evidentiary hearing to address Simon's allegations that his attorney had a conflict of interest."[1] We then remanded this case to the Appellate Division of the District Court for the Virgin Islands with instructions to remand to the Superior Court to conduct an evidentiary hearing regarding the *Brady* violation and the conflict-of-interest claim.[2]

Simon asked the District Court to appoint counsel under the Criminal Justice Act (CJA). The Magistrate Judge denied Simon's request: "Inasmuch as the contemplated proceedings consist of evidentiary hearings that the Superior Court should have conducted in connection with the habeas petition in that court, this Court is hard-pressed to find a basis under the Criminal Justice Act to appoint [counsel]."[3] The Magistrate Judge also rejected Simon's request to reconsider her ruling, stating that "the ongoing habeas proceedings in this case 'are wholly local in nature, and this Court has no authority or obligation to provide counsel to defendant in these circumstances.'"[4]

---

[1] Appx. at 4.
[2] *Simon v. Gov't of the V.I.,* 929 F.3d 118, 135 (3d Cir. 2019).
[3] Appx. at 18.
[4] Appx. at 5 (citation omitted).

Simon appealed that order to the Appellate Division of the District Court, and the District Court affirmed the order. This appeal followed.

**II.**

We have jurisdiction to review final decisions of the District Court of the Virgin Islands, Appellate Division.[5] The "term 'final decision' has a well-developed and longstanding meaning. It is a decision that 'ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment.'"[6]

However, 28 U. S. C. § 1292 "allows appeals also from certain interlocutory orders, . . . when they have a final and irreparable effect on the rights of the parties."[7] As we held in *Smith-Bey v. Petsock*,[8] such interlocutory orders "must finally determine an important claim of right separable from and collateral to the principal rights asserted in an action and be effectively unreviewable on appeal from the final judgment." "To be appealable as a final collateral order, the challenged order must constitute 'a complete, formal and, in the trial court, final rejection,' of a claimed right 'where denial of immediate review would render impossible any review whatsoever.'"[9] In *Smith-Bey*, we concluded that denial of court-appointed counsel was not a final, appealable order.[10]

---

[5] 48 U.S.C. § 1613a(c). The District Court had jurisdiction under the unique statutory system of the Virgin Islands.

[6] *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 86 (2000) (citing *Digital Equipment Corp.* v. *Desktop Direct, Inc.,* 511 U.S. 863, 867 (1994) and *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 467 (1978)).

[7] *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545 (1949).

[8] 741 F.2d 22, 23 (3d Cir. 1984) (citations omitted).

[9] *Id.* (internal and external citations omitted).

[10] *Id.* at 26.

4

Simon argues that although "[a]t first blush, the case *sub judice* admittedly appears to fall under the holding of *Smith-Bey*; however, upon closer examination, because of the unique statutory scheme and system of appellate review involved, the ordinary appointment of counsel analysis does not apply."[11] He argues that, because the underlying territorial habeas action proceeded "from the Superior Court to the District Court (sitting as an intermediate appellate court) and then to this Court (similar to a state court of last resort)[,] . . . the federal court system is inextricably integrated into the underlying habeas action by statutory design" and therefore the issue of federally appointed counsel must be considered now.[12]

Despite the Virgin Islands' unique statutory scheme, the District Court's decision about whether to appoint counsel does not render "impossible any review whatsoever."[13] When "the Appellate Division issues a record remand, the Appellate Division retains jurisdiction over the appeal so that the matter remains pending before it."[14] If, however, the Appellate Division issues a case remand, the Appellate Division relinquishes jurisdiction over the appeal, meaning that the matter is no longer pending before it and the Supreme Court of the Virgin Islands has jurisdiction over any subsequent appeals in the matter."[15]

---

[11] Appellant's Br. at 3.
[12] Appellant's Br. at 5–6.
[13] *Smith-Bey*, 741 F.2d at 23.
[14] *V.I. Conservation Soc'y, Inc. v. V.I. Bd. of Land Use Appeals Golden Resorts LLLP*, 10 F.4th 221, 230 (3d Cir. 2021) (citation omitted).
[15] *Id.* (citation omitted).

Because we previously remanded this case with instructions to the Superior Court to develop the factual record,[16] a record remand, not case remand, took place. Thus, Simon can appeal the denial of counsel to this Court after a final judgment is entered in his underlying habeas case. Until then, under *Smith-Bey*, the District Court's order is not reviewable by interlocutory appeal. We accordingly lack jurisdiction.

## III.

For these reasons, Simon's appeal must be dismissed for lack of jurisdiction.

---

[16] *Simon*, 929 F.3d at 130.