# COURT OF APPEALS
# DECISION
# DATED AND FILED

## December 26, 2024

Samuel A. Christensen
Clerk of Court of Appeals

# NOTICE

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

---

**Appeal No.     2022AP614-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. 2016CF1223

**IN COURT OF APPEALS
DISTRICT II**

---

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

RODNEY E. COLEMAN,

   DEFENDANT-APPELLANT.

---

APPEAL from a judgment and an order of the circuit court for Kenosha County:  JASON A. ROSSELL, Judge.  *Affirmed*.

Before Neubauer, Grogan and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Rodney E. Coleman, pro se, appeals from a judgment convicting him of attempted first-degree intentional homicide with use of a dangerous weapon and from an order denying his multiple pro se postconviction motions. Coleman challenges numerous aspects of his trial, sentencing, and postconviction proceedings, alleging that the State withheld exculpatory evidence, that the circuit court erred in replying to a jury question, that the presentence investigation report (PSI) had incorrect or incomplete information, that he was denied a lesser-included offense instruction, that both his trial and appellate counsel were ineffective, and that judicial bias and prosecutorial misconduct deprived him of a fair trial. We reject Coleman's claims and affirm the judgment and order.

¶2 Following a jury trial, Coleman was convicted of attempting to kill K.W. by shooting him multiple times in a Kenosha bank parking lot on October 28, 2016. The evidence at trial established that Coleman, believing K.W. was involved with Coleman's girlfriend, confronted K.W. at close range and fired several rounds into his groin, abdomen, and upper thigh. After K.W. fell to the ground, Coleman placed the gun against K.W.'s temple and tried to fire again, but the weapon misfired. Coleman then fled the scene, leaving behind his cell phone and eventually departing the state. K.W. survived and identified Coleman as the shooter.

¶3 The State presented eyewitness testimony, forensic evidence, and medical testimony, and law enforcement witnesses tied Coleman to the crime scene. The jury found him guilty, and the circuit court sentenced him to forty years of initial confinement and fifteen years of extended supervision.

¶4 After sentencing, Coleman filed multiple pro se postconviction motions. The circuit court held several evidentiary hearings and ultimately denied relief. This appeal follows.

¶5 Coleman first claims that the State violated ***Brady v. Maryland***, 373 U.S. 83 (1963), by withholding exculpatory surveillance footage from the bank parking lot. He argues this purported video would have shown fewer shots fired than the State alleged and would have undermined K.W.'s identification of him.

¶6 The circuit court thoroughly addressed this claim at postconviction hearings. Coleman offered no reliable proof that such footage existed or that the prosecution withheld it. The investigating officers testified that they reviewed all available surveillance footage and found either no relevant evidence of the shooting or no additional recordings that had visible images of the scene. The State disclosed all known evidence to the defense. Without any evidence that the disputed footage existed, or was favorable and material, Coleman cannot establish a ***Brady*** violation. *See **State v. Harris***, 2004 WI 64, ¶11, 272 Wis. 2d 80, 680 N.W.2d 737. The circuit court's findings are not clearly erroneous. This claim fails.

¶7 Coleman next challenges the circuit court's answer to a jury question. During deliberations, the jury asked whether any of the guns discussed at trial were registered and, if so, to whom. The court replied that the evidence did not address that topic. Coleman's trial counsel agreed with this response and did not object. Because the court's answer accurately reflected the evidence, and Coleman's counsel did not object, Coleman has forfeited his right to challenge it on appeal. *See **State v. Booth***, 147 Wis. 2d 208, 211, 432 N.W.2d 681 (Ct. App. 1988).

¶8 Coleman next asserts that the PSI report included incomplete, false or exaggerated information—particularly concerning the number of shots fired—and that the sentencing court relied on this inaccuracy. Due process prohibits a sentencing court from relying on materially inaccurate information. ***State v. Tiepelman***, 2006 WI 66, ¶9, 291 Wis. 2d 179, 717 N.W.2d 1. However, Coleman

did not object to the PSI report at sentencing or raise this issue in his postconviction motions. He therefore forfeited his right to raise it on appeal. *See* **State v. Pinno**, 2014 WI 74, ¶56, 356 Wis. 2d 106, 850 N.W.2d 207.

¶9 Coleman next argues that the trial court erred by refusing to instruct the jury on a lesser-included offense, such as first-degree recklessly endangering safety. A lesser-included offense instruction is appropriate only if a reasonable view of the evidence supports a conviction on the lesser offense but not the greater. **State v. Barreau**, 2002 WI App 198, ¶17, 257 Wis. 2d 203, 651 N.W.2d 12.

¶10 Here, the evidence overwhelmingly supported the charged offense. Coleman confronted K.W. armed, fired multiple rounds at close range, and attempted a final, presumably fatal, shot to the victim's head. This clearly demonstrated an intent to kill, rather than mere reckless endangerment. The circuit court properly declined to give the requested lesser-included offense instruction.

¶11 Coleman further argues that his trial counsel was ineffective for failing to present the alleged bank surveillance footage, failing to challenge the PSI report's accuracy, failing to challenge the prosecutor's narrative, failing to call a particular witness (Kathleen Mianecki), and failing to effectively cross-examine witnesses or contest expert testimony. To prevail on an ineffective assistance claim, Coleman must show deficient performance and resulting prejudice. *See* **Strickland v. Washington**, 466 U.S. 668, 687 (1984).

¶12 As discussed, Coleman has not demonstrated that the purported video existed or that the PSI report contained material inaccuracies. His claims about calling Mianecki are speculative. Even if Mianecki heard only three shots, that would not negate the overwhelming evidence that Coleman fired multiple times, seriously wounded K.W., and attempted to shoot him again at point-blank range.

Coleman does not explain what additional cross-examination or strategy would likely have changed the outcome. Without evidence of deficient performance or prejudice, his ineffective assistance claims fail.

¶13 Coleman also asserts that his appellate attorney was ineffective. However, he discharged appellate counsel before postconviction motions were filed, and the circuit court granted counsel's motion to withdraw. Since Coleman represented himself in postconviction proceedings and on appeal, he cannot claim that appellate counsel's performance was constitutionally ineffective.

¶14 Coleman next argues that the trial court and the prosecution were biased against him and created a false narrative of the shooting. Judicial bias requires proof of a lack of impartiality or unfair predisposition. *State v. Herrmann*, 2015 WI 84, ¶3, 364 Wis. 2d 336, 867 N.W.2d 772. Coleman provides no evidence of judicial bias. Prosecutorial misconduct requires proof that the prosecutor's actions "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *State v. Mayo*, 2007 WI 78, ¶43, 301 Wis. 2d 642, 734 N.W.2d 115 (quoting *State v. Davidson*, 2000 WI 91, ¶88, 236 Wis. 2d 537, 613 N.W.2d 606). The record does not support such a claim. The prosecutor's arguments were grounded in testimony from the victim, medical evidence, and eyewitness accounts. Coleman's accusations of bias and misconduct lack merit.

¶15 Finally, Coleman argues for a new trial based on cumulative error, asserting that his mental health issues, witness intimidation, and withheld evidence deprived him of a fair trial. A new trial in the interests of justice is appropriate only if the real controversy was not fully tried and there was a miscarriage of justice. *State v. Burns*, 2011 WI 22, ¶24, 332 Wis. 2d 730, 798 N.W.2d 166. The circuit court considered Coleman's claims thoroughly during postconviction hearings and

found them meritless. Coleman voluntarily withdrew his NGI (not guilty by reason of mental disease or defect) plea, and there is no evidence that any defense witnesses were intimidated or prevented from testifying. His assertions are speculative and unsupported by credible evidence in the record.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.